· JOHN D. BROWN, *et al.*, v. MARTHA KIRKBRIDE.

1. JUDGMENT ON DEMURRER, *Decision on Merits.* When a court sustains a general demurrer to a petition, and renders judgment that the defendants be dismissed and recover their costs, *held*, that this is a judgment upon the merits, and not a dismissal of the action without prejudice.

2. ———— Where one of several defendants demurs to the plaintiff's petition, and no action is ever taken upon the demurrer, but this defendant goes to trial, with the consent of all the parties, as upon the answers and evidence of the other defendants, and by such evidence he makes out a complete defense to the plaintiff's action, *held*, that it is error for the court upon such evidence to find against such defendant and to render judgment against him.

3. DISMISSAL OF ACTION, *Without Prejudice.* Where a plaintiff asks and obtains leave of the court to dismiss his action without prejudice, and thereupon the court renders judgment in favor of the defendant and against the plaintiff for costs, *held*, that the action is dismissed without prejudice.

*Error from Wyandotte District Court.*

FORECLOSURE of mortgage, brought by *Kirkbride,* as plaintiff, against *Brown* and six others, as defendants. The note was for $200, and interest at twelve per cent. per annum. Said note and the mortgage were dated 20th December 1864, were made in favor of one Cassandra F. Clark, and were executed by all the defendants except *Bartlett* and *Sawyer.* Plaintiff was the assignee of said Clark. Trial at the April Term 1876. The court found in favor of plaintiff. Amount due on the note, $443. Decree for sale of the mortgaged premises, and foreclosing the equities of all the defendants. The defendants bring the case here.

*Wallace Pratt,* and *Scroggs & Bartlett,* for plaintiffs in error.

*Cobb & Alden,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: On the 8th of January 1872, Martha Kirkbride, the defendant in error, filed her petition in the district court of Wyandotte county against John D. Brown, Jane Brown, Leander Brown, Eliza Ann Spybuck, John D. Brown, jr., Allison B. Bartlett, and H. H. Sawyer, plaintiffs in error, and John M. Wheeler and Cassandra F. Clark, as defendants, for the purpose of foreclosing a certain mortgage and note. To the petition so filed, the defendants A. B. Bartlett, H. H. Sawyer and John M. Wheeler filed their demurrer, on the ground that the petition did not state facts sufficient to constitute a cause of action against them. The other defendants answered to the merits. Upon a hearing of said demurrer the court found that said petition did not state facts sufficient to constitute a cause of action against said defendants so demurring, and thereupon sustained the demurrer, and rendered judgment that they be dismissed thereof, and recover their costs therein. And thereupon the issues joined between the plaintiff Martha Kirkbride and the other defendants came on for trial by a jury, and after the

plaintiff had submitted all of her evidence and rested, the defendants filed their demurrer to the evidence so submitted, which demurrer was sustained by the court. The plaintiff then asked and obtained leave of the court, over the objection and exception of the defendants, to dismiss her said action without prejudice—and judgment was duly rendered in favor of said defendants for their costs. Afterward, on the 12th of August 1875, the said Martha Kirkbride filed her petition in said district court against the plaintiffs in error herein, to foreclose the same note and mortgage upon which said former action was founded. This petition in the new action was almost identical with the one in the former action, and substantially differed from it only in containing the following allegation:

"Plaintiff further states, that on 8th January 1872 she commenced an action in this court against the said John D. Brown, Jane Brown, Leander Brown, Eliza Ann Spybuck, and John D. Brown, jr., to recover a judgment upon the aforesaid writing obligatory, or promissory note, against them, and to foreclose the aforesaid mortgage, and against Allison B. Bartlett and John M. Wheeler, to bar them of certain after-acquired interests in the premises described in said mortgage, which action so commenced failed otherwise than upon the merits at the July term of said court 1875, viz., the said plaintiff caused said action to be dismissed without prejudice because of the failure of proof in the case of the assignment of the cause of action to the plaintiff by the said Cassandra F. Clark."

To this petition the defendants John D. Brown, Jane Brown, Eliza Ann Spybuck, Leander Brown, and John D. Brown, jr., filed their joint answer, containing three defenses—*first,* a denial of all the allegations of the petition except that of the execution and delivery of the note and mortgage in said petition mentioned; *second,* a special denial of the allegation that plaintiff failed in her former action, commenced 8th January 1872, otherwise than upon the merits, and that plaintiff caused the same to be dismissed without prejudice, accompanied with a plea of the five-years statute of limitations; *third,* a plea of the former judgment

in favor of defendant upon the same cause of action, in bar of plaintiff's right of recovery herein.  The defendant A. B. Bartlett separately answered substantially the same as above. The defendant H. H. Sawyer filed his demurrer to said petition, alleging as the ground thereof that the same did not state facts sufficient to constitute a cause of action.  To the answers so filed replies were duly filed by plaintiff.  At the April Term 1876 of said court, the issues so joined by petition, answers, and replies in said action came on for trial, and a jury being waived, the same was tried by the court. At the commencement of the trial the following stipulation was entered into in open court:

(*Title, and Court.*)  "It is agreed upon between the parties at the trial, that the parties herein, and the subject-matter of this suit, are the same as those contained and included in the case of Martha Kirkbride v. John D. Brown, *et al.*, on the files of said district court, and commenced by said plaintiff filing her petition therein on the 8th of January 1872, which facts are considered as proven on the trial of this cause."

The plaintiff, after proving payment of interest to March 1st 1866, and introducing the note, mortgage, and assignment, rested.  The defendants then read in evidence the deposition of the defendant John D. Brown, tending to show payment of the note, and also the journal entry and judgment in said former action, and then rested their defense. The court thereupon found for the plaintiff, and against the defendants, and rendered judgment accordingly.

We think the judgment as to A. B. Bartlett was erroneous, for the reasons following.  *First:* The record of the former action disclosed a judgment of dismissal by the court, upon sustaining his demurrer to the petition in that case, and that he recover his costs.  His demurrer was to the merits of the petition, and in sustaining it the court expressly decided that there were no merits in the cause of action set forth in the petition as to this defendant.  The judgment of dismissal, consequent upon the sustaining of the demurrer, was a judgment upon the merits, and is a bar to any subsequent suit between the same parties upon the same cause of action.  In

fact, after sustaining the first demurrer, the plaintiff amended her petition, and a second demurrer filed by Bartlett to this amended petition was also sustained. Upon the sustaining of this last demurrer judgment of dismissal was entered. Gould's Pleadings, ch. 9, § 42; Freeman on Judgments, § 267, p. 232; *Clearwater v. Meredith,* 1 Wall. 25; *Goodrich v. City,* 5 Wall. 566; *Bouchaud v. Dyas,* 3 Denio, 238. The subsequent order allowing the plaintiff to dismiss without prejudice did not affect this defendant, because he already had the judgment of the court dismissing the action as to him. *Comblos v. Butterfield,* 15 Abb. Pr. Rep. (N. S.) 197.

We also think that the judgment as to H. H. Sawyer was erroneous. No action was ever taken upon his demurrer to plaintiff's petition. But if it be considered from his action in the case that he waived his demurrer, and went to trial with the consent of all the parties as upon the answers of the other defendants, and upon the evidence introduced by them, (and from the record in the case we are inclined to think that this is the true view to be taken of the case,) then he had a good defense, and the same kind of defense that Bartlett had.

As to the other defendants, the judgment was correct. The former action was evidently dismissed without prejudice as to them. And whether it was rightfully or wrongfully dismissed is not a question to be considered in this case. (*Paine v. Spratley,* 5 Kas. 525; *U. P. Rly. Co. v. McCarty,* 8 Kas. 125; *Mills v. Ralston,* 10 Kas. 206.) The court unquestionably had jurisdiction, and therefore the order of the court dismissing said action is not void.

The judgment of the court below will be affirmed as to all the defendants except Bartlett and Sawyer, and as to them it will be reversed.

All the Justices concurring.