Trescott v. Barnes.

## TRESCOTT V. BARNES.

1. **Former Adjudication:** JUDGMENT ON APPEAL. A trial upon the merits and judgment in the court below, which was affirmed on appeal because the case was not triable *de novo*, and no errors assigned, constitutes a bar to the same equitable defense in another action.

| 51 | 409 |
| 121 | 617 |
| j 121 | 618 |

| 51 | 409 |
| e125 | 19 |

*Appeal from Clayton Circuit Court.*

THURSDAY, JUNE 12.

ACTION on promissory notes. The defendant pleaded an equitable defense. A judgment for plaintiff was had upon a trial to the court. Defendant appeals.

*L. O. Hatch* and *Stoneman & Chapin*, for appellant.

*James O. Crosby*, for appellee.

BECK, CH. J.—The answer sets up, as a defense, that the notes in suit were given in the purchase of a town lot, which plaintiff became bound to convey to defendant by deed of warranty. It is not necessary to recite the transactions under which the parties acquired an interest in the lot. The answer shows that an incumbrance in the nature of an easement for a drain held by another party rests upon the lot, and that the value of the property is greatly diminished thereby, and it is rendered unfit for the purposes for which it was purchased. It is also alleged that defendant elected to rescind the contract of purchase after an offer to make the payment provided for in the contract of purchase and a demand for a deed for the lot, which was refused. The defendant asks that the notes may be cancelled and other proper relief granted.

The reply to the answer shows that in a former action brought by plaintiff against defendant, upon one of the notes given for the purchase of the lot, the identical defense herein

set out was in that action pleaded.and judgment was thereon rendered for the plaintiff, which stands unreversed and of full force, and that a decree was rendered in that action so reforming the con^-act of purchase or title bond held by defendant that plaintiff is not therein bound to warrant against the easement of the drain.

It was shown by the testimony that the judgment and decree in the action pleaded by plaintiff was rendered as alleged in his reply, but that, upon an appeal to this court, an opinion had been filed reversing the judgment of the court below. Subsequently a rehearing was granted in this court, and, upon a reargument, a different conclusion was reached, and a judgment finally rendered affirming the decree of the court below. The case is reported in 46 Iowa, 644, and was affirmed on the ground that it was not triable *de novo* in this court, and no errors were assigned upon the record. The first opinion filed by us considered the case upon the merits, as we deemed it triable here *de novo*. But we were shown upon the rehearing that we had mistaken the condition of the record, and that the case could not be triable *de novo*.

Defendant's counsel announce the undisputed rule of law that a former judgment will not be effectual as a bar to an action, unless it was rendered upon a trial on the merits. If the trial went off on any technical point the judgment will be no bar. It is insisted that, as the judgment of affirmance in this court was not upon the merits, it is not a bar to this action. Counsel, in our judgment, mistake the facts upon which they rely in the application of this rule. The judgment of the court below was upon the merits of the case. The appeal to this court suspended that judgment; the final judgment of this court affirms it. The judgment in the case now of force was upon the merits. There was no final judgment rendered upon our opinion reversing the case. It had no effect whatever upon the judgment of the court below. The fact that our opinion upon the merits of the case was adverse to the decision in the court below did not affect that

decision. While we expressed our views of the law and facts, those views never culminated in a judgment. After our final decision the case stood just as though it had never been appealed. It cannot be claimed that, had no appeal been taken, the judgment would not have been a complete bar to this action.

We conclude that the court below correctly held that this defense was barred by the former judgment.

AFFIRMED.