DANIEL McLAUGHLIN *et al.* v. GEORGE B. DOANE.

1. RES JUDICATA — *Judgment on Demurrer.* Where an action is brought upon a judgment, and a demurrer is interposed thereto, and such demurrer is sustained, and judgment is rendered thereon in favor of the defendant, *held,* that the judgment upon the demurrer, where said demurrer goes to the merits of the action or the jurisdiction of the court to render the judgment, is as complete an adjudication as though the action had been submitted to a jury, and a verdict and judgment had thereon.

2. NOTE — *Action — Defense.* Where a new action is brought upon a note, the subject of the judgment demurred to, such former judgment cannot be interposed as a defense to such note.

*Error from Rice District Court.*

ACTION brought by *Daniel McLaughlin* and two others, partners as McLaughlin Bros., against *George B. Doane,* and Freeman Dennis, upon a promissory note executed in 1881, in Nova Scotia, for $4,000. The plaintiffs and defendant Freeman Dennis were residents of Nova Scotia, and they continue to reside there as subjects of Great Britain. After the execution of the note the defendant Doane became a resident of Rice county, Kansas, where he continues to reside. The note becoming due and remaining unpaid, in 1882 an action was brought thereon in Nova Scotia against Doane and Dennis. Personal service was made upon Dennis, and a summons was sent to Rice county, and there was indorsed thereon by the defendant in error, "*State of Kansas, Rice County:* I, George B. Doane, of the city of Lyons, county and state aforesaid, do hereby accept due and legal service of the within notice. Witness my hand this 10th day of June, 1882.—GEORGE B. DOANE." Upon this service a personal judgment was rendered in Nova Scotia against both Dennis and Doane. The judgment remaining unpaid, in 1885 a transcript of the judgment was sent to Kansas, and an action was brought thereon in the district court of Rice county, against Doane. To this action the defendant appeared and filed a demurrer to the petition of the plaintiffs, for the reasons, first, that the petition

failed to state facts sufficient to constitute a cause of action; and second, that it appeared from the face of the petition and exhibits that the court of Nova Scotia had no jurisdiction of the defendant to render a personal judgment, and for that reason the judgment was void. This demurrer was sustained by the court, and judgment rendered thereon against the plaintiffs for costs. Thereafter the plaintiffs brought this action on the note, it being the same note upon which judgment had been rendered in Nova Scotia; and to this action the defendant pleaded first, a general denial; and second, the petition and judgment in the former suit by the plaintiffs against him, claiming that said judgment in Nova Scotia was a valid and subsisting judgment. To this defense plaintiffs demurred, which demurrer was overruled. Plaintiffs then filed a reply, alleging the same defense now set up in the claim of the defendant, that it was the same judgment as that sued on in the former action, and that in that action a demurrer had been sustained upon the sole and only ground that the court of Nova Scotia had no jurisdiction to render and pronounce a judgment, and that the judgment upon demurrer was upon that ground, and that by reason of that judgment the defendant was barred from now pleading the judgment as a defense to this action. To this reply the defendant demurred, on the ground that the reply stated no defense to the answer, which demurrer was by the court sustained, at the May term, 1887. To the overruling of the plaintiffs' demurrer to the answer, and the sustaining the demurrer to their reply, they excepted, and bring the case here for review.

*M. A. Thompson*, for plaintiffs in error.

*J. H. Bailey*, for defendant in error.

Opinion by CLOGSTON, C.: This seems to us to be a novel proceeding. If the defendant in error is right in his answer, and the court properly overruled the plaintiffs' demurrer, and properly sustained the demurrer to the plaintiffs' reply, then the defendant would be relieved from his liability both as to

the judgment, and the note, the subject of the judgment. When the defendant demurred to the plaintiffs' petition on the judgment, and the court sustained the demurrer upon the ground that the court of Nova Scotia had no jurisdiction to render the judgment, and a judgment was rendered upon that demurrer, we think that judgment was upon the merits, and disposes of the action; and that while that judgment remains unreversed it is complete and final. It not only precludes the plaintiffs from again bringing an action upon that judgment, but it also bars the defendant from in any manner pleading that judgment as a defense to this action. He cannot consider it binding as against the plaintiffs and not as against himself. He insists, however, that while the court did sustain that demurrer and dispose of that judgment, yet it was possible for the plaintiffs to have so amended their pleadings as to have shown that the judgment was good. We think this claim will not avail the defendant. If he knew the judgment was good, and procured the court to make and render a decision to the contrary, he cannot take advantage of it here. He was willing that the court should find that the judgment was void for want of service, and he cannot now be heard to say that the judgment was good. He cannot be allowed to play fast and loose with the court. The judgment upon the demurrer must be considered as final as though the matter had been submitted to a court or a jury, and they had made findings, and judgment had been rendered thereon. (Wells Res Adj., §446; *Gould v. E. & C. Rld. Co.*, 91 U. S. 526; *Aurora City v. West*, 7 Wall. 82; *P. W. & B. Rld. Co. v. Howard*, 13 How. 337.)

We therefore recommend that the judgment of the court below be reversed, and the court be directed to overrule the demurrer to the plaintiffs' reply.

By the Court: It is so ordered.

All the Justices concurring.