J. C. HOPPER v. J. G. ARNOLD et ux.

No. 14,590. (86 Pac. 469.)

SYLLABUS BY THE COURT.

JUDGMENT—*General Finding—Limitation—Certificate of Trial Judge.* A judgment which recites a general finding in favor of one party to an action is a finding in favor of that party upon every issue raised by the pleadings and supported by evidence, and its scope and effect cannot be narrowed or limited by a statement of the trial judge contained in a certificate to a bill of exceptions.

Error from Ness district court; CHARLES E. LOBDELL, judge. Opinion filed July 6, 1906. Affirmed.

*H. Fierce,* for plaintiff in error.

*D. A. Banta,* for defendants in error.

The opinion of the court was delivered by

PORTER, J.: This was an action on a promissory note which it was claimed was executed by J. G. Arnold and Clara B. Arnold, his wife. At the time the action was begun plaintiff sued out an attachment, which was levied on certain real estate belonging to the wife. From an order and judgment of the district court discharging the attachment plaintiff prosecutes error.

The affidavit for attachment contained the usual statutory grounds, but upon the hearing of the motion to discharge plaintiff relied solely upon the claim that Mrs. Arnold had made a conveyance of certain real estate, consisting of a house and several lots in the town of Ransom, Kan., with intent to hinder, delay and defraud her creditors. The note was executed May 4, 1903, and became due May 19, 1903. From the evidence it appears that J. G. Arnold abandoned his family a few days before the note became due, and his whereabouts were and continued at the time of the trial to be unknown to his wife. The deed conveying the property was executed by Mrs. Arnold on May 23, 1903. It purported to convey the title to her brother, who testified that he paid no consideration but was to hold the title for his sister and aid her in finding a purchaser. Her testimony was that she intended, if a purchaser could be found who would accept the title, to take the proceeds and invest them in another homestead in Ness City, and that she still claimed the property as her homestead.

The action was not begun until April, 1905. She filed a verified answer denying the execution of the note, and on the hearing of the motion testified that at the time she conveyed the real estate to her brother she did not know of the existence of the note.

The grounds for the dissolution of the attachment were that the only property attached consisted of the homestead of Mrs. Arnold and that the facts stated

in the affidavit for attachment were wholly untrue. From the journal entry of judgment it appears that the court found generally for defendant Clara B. Arnold and vacated the attachment. This finding is conclusive, for there was no lack of evidence showing that the property attached consisted of the homestead of Mrs. Arnold. It has been frequently held by this court that a debtor cannot commit a fraud upon his creditors by any conveyance or disposition of his homestead. (*Hixon v. George,* 18 Kan. 253; *Sproul v. Atchison National Bank,* 22 Kan. 336, 343.)

Notwithstanding this general finding in favor of Mrs. Arnold, plaintiff relies upon a statement inserted by the trial judge at the close of his certificate to the bill of exceptions, which statement is as follows:

"But it must be understood that the court did not pass adversely to defendant upon the additional grounds for dissolution of attachment stated in her motion, but simply held that the evidence showing that the defendant Clara B. Arnold did not even know of the indebtedness sued on at the time of making the conveyance complained of. There was no evidence of fraudulent intent, and consideration of other questions was unnecessary."

Plaintiff concedes that a general finding upon the evidence would be conclusive, but insists that this statement narrows the judgment down to the effect of a single finding that no fraudulent intent was shown; that, because the conveyance was conceded to have been made without any consideration, it was not necessary to prove a fraudulent intent; and that the court should have sustained the attachment on the ground that the conveyance was in law and fact a fraud upon the creditors.

The reasons which control a court in the rendition of a judgment form no part of the judgment. (*Butt v. Herndon,* 36 Kan. 370, 13 Pac. 580; 11 Encyc. Pl. & Pr. 825.) "A party is bound by the judgments, but not by the logic, of courts." (*Sheffield v. Goff,* 65 Tex. 354,

syllabus.) Nor is it any part of a certificate to a bill of exceptions to limit the scope and effect of a judgment already entered. Where the journal entry of judgment is complete it speaks for itself and controls. A general finding in favor of one party is a finding in his favor on every issue raised by the pleadings and supported by any evidence.

If the court in fact only decided that there was no fraudulent intent on the part of Mrs. Arnold, the judgment should have so recited. The statement in the certificate to the bill of exceptions cannot narrow the effect of the general finding in favor of defendant Clara B. Arnold, which was that the property sought to be taken by attachment constituted her homestead, as well as a finding to the effect that the only ground of attachment relied upon was wholly untrue. The judgment is affirmed.

All the Justices concurring.