ELIZABETH HOLDERMAN V. CALVIN HOOD *et al.*

No. 15,239.   (93 Pac. 71.)

SYLLABUS BY THE COURT.

1. PRACTICE, SUPREME COURT—*Record*—*Question to be Reviewed.* It is incumbent upon the plaintiff in an error proceeding brought in this court to reverse the judgment of a district court to see that the record presented correctly embodies the question to be reviewed.

2. JUDGMENTS—*Demurrer to Petition on Two Grounds Sustained* —*Ground of the Decision Not Shown*—*Effect of Affirmance.* Where it is sought to reverse a ·judgment rendered upon the sustaining of a demurrer to a petition, which demurrer was upon two grounds (viz., insufficient statement of facts and misjoinder of causes of action), and the record fails to show upon which ground the demurrer was sustained, and this court affirms the judgment on the ground of misjoinder, when in fact the judgment was that no cause of action was stated, *held,* that the judgment below stands affirmed as rendered, and can again be attacked only by a timely application, accompanied by a corrected record of the judgment appealed from, to reopen the decision of this court.

3. ———— *Demurrer to Petition Because of Insufficient Facts Sustained*—*Res Judicata.* When a demurrer to a petition is sustained upon the general ground of insufficient facts pleaded, and the pleader elects to stand thereon and judgment is rendered against him, such judgment is final upon the facts pleaded, and such facts can not be relitigated thereafter between the same parties in any court. (*Martindale v. Battey,* 73 Kan. 92, 84 Pac. 527.)

Error from Lyon district court; FREDERICK A. MECKEL, judge. Opinion filed May 9, 1908. Affirmed.

STATEMENT.

A MORE detailed statement of the facts involved in this action will be found in *Holderman v. Hood,* 70 Kan. 267, 78 Pac. 838, *Benson v. Battey,* 70 Kan. 288, 78 Pac. 844, and *Martindale v. Battey,* 73 Kan. 92, 84 Pac. 527, the last two cases being separate appeals in the same action. In all of these cases the same facts were pleaded by this plaintiff in error and the sufficiency of such pleading was involved. A sufficient résumé of the facts to give an understanding of the questions herein discussed is as follows:

In 1901 the plaintiff in error filed her amended petition in this action, to which the defendants in error filed a general demurrer, which the district court of Lyon county sustained, and the case was brought to this court for a review of that ruling. This court held that the petition stated a cause of action and reversed the judgment. (*Holderman v. Hood, supra.*)

During the pendency of the action the case of *Martindale v. Battey* was brought in the district court of Shawnee county. Mrs. Holderman was made a party defendant and filed her cross-petition therein, setting up the same facts as in her amended petition in this action. A demurrer was filed to such cross-petition on several grounds, including a misjoinder of causes of action and want of sufficient facts to constitute a cause of action. On the hearing this demurrer was also sustained, but the record did not indicate upon which ground the ruling was based. Proceedings in error were brought in this court to reverse that decision, and the judgment was affirmed on the ground that the cross-petition stated two causes of action which were improperly joined. Thereafter a motion was made and allowed in the district court of Shawnee county to correct the journal entry of the judgment of that court, and the record as amended showed that the demurrer therein had been sustained on the ground that the petition did not state facts sufficient to constitute a cause

of action.. Later the defendants in error amended their answer in this case and pleaded the judgment of the district court of Shawnee county as *res judicata* upon the same facts. Upon the trial of this plea the court found in favor of the defendants in error and rendered judgment against the plaintiff in error for costs. She again brings the case here to reverse that judgment.

*Rossington & Smith*, and *J. S. West*, for plaintiff in error.

*Ferry & Doran*, *L. B. Kellogg*, and *Dennis Madden*, for defendants in error.

The opinion of the court was delivered by

SMITH, J.: One question only is involved: Is the plaintiff in error estopped by the judgment of the district court of Shawnee county rendered upon the general demurrer?

It is contended by the plaintiff in error that the judgment, while in form affirmed by this court, was essentially reversed; that the decision of the district court was that the cross-petition stated no cause of action, while the judgment was affirmed in this court for the reason that the cross-petition stated two causes of action improperly joined; that estoppel is based upon equity, and that equity goes behind forms and superficial appearances and determines what facts were really adjudicated and accords to every litigant in court a héaring or an opportunity to be heard upon every fact which is determinative of his rights.

On the other hand the defendants in error, admitting that the decision of the district court of Shawnee county is directly contrary to the decision of this court in *Holderman v. Hood*, 70 Kan. 267, 78 Pac. 838, on a pleading essentially the same, and admitting that the judgment was affirmed on a ground diametrically opposed to the ground upon which it was rendered, say, nevertheless, that a general demurrer admits all the facts as

Holderman v. Hood.

pleaded, and a judgment sustaining the demurrer is a judgment upon these facts, and, however erroneous, if unreversed it is conclusive of the legal effect of such facts in all courts for all time; that the judgment of the district court of Shawnee county was not reversed, but was in fact affirmed; that the ground upon which it was affirmed is immaterial; that the burden of showing the error of the district court rested upon the plaintiff in error, and, having failed in this, the judgment is conclusive against her and conclusive of this action.

The several propositions of the defendants in error are in accord with the general rules of law and are impregnable. It is the judgment of the district court, and not the judgment of this court, which was pleaded as *res judicata*. This court rendered no independent judgment, but affirmed the judgment appealed from, stating the reasons therefor. Bearing this in mind, it is apparent there is no room for the rule that upon a plea of *res judicata* the court will go behind the formal judgment to ascertain what was really adjudicated and, if necessary for the purpose, will receive evidence *aliunde*. The allegations of the cross-petition, admitted by the demurrer to be true, are the facts which were adjudicated and which can neither be added to nor taken from. It was said in *De Sollar v. Hanscome,* 158 U. S. 216, 15 Sup. Ct. 816, 39 L. Ed. 956: "It is of the essence of estoppel by judgment that it is certain that the precise fact was determined by the former judgment." (Syllabus.) A judgment rendered upon the sustaining of a general demurrer meets this test. (*Brown v. Kirkbride,* 19 Kan. 588; *Merrill v. Ness County,* 7 Kan. App. 717, 52 Pac. 109; *McLaughlin v. Doane,* 40 Kan. 392, 19 Pac. 853, 10 Am. St. Rep. 210; *Hyatt v. Challiss,* 59 Kan. 422, 53 Pac. 467; *Alley v. Nott,* 111 U. S. 472, 4 Sup. Ct. 495, 28 L. Ed. 491.) No case is cited, nor have we been able to find one, where any equities of the defeated party have countervailed the finality of such a judgment.

4—78 KAN.

Before the plaintiff in error was entitled to have the judgment reversed an error must have appeared from the record, and if the record was incorrect, and if thereby an inhering error did not appear, it devolved upon the plaintiff in error to have it corrected. The defendants in error had the right to urge an affirmance of the judgment upon any ground consistent with the record as presented, and if upon such record the ruling of the district court was correct upon either of the two grounds of demurrer this court could not do otherwise than affirm the ruling and the consequent judgment. It is said that this view is technical and inequitable. Probably it is. So also are many of the indispensable laws of procedure. If, for instance, the record of the district court in this case had fully shown the erroneous ruling and judgment, and the plaintiff in error had delayed for only one day longer than the law allows to appeal therefrom, the appeal must have been dismissed and the judgment have become final, as it now becomes. In such a case, as in the present one, the judgment attempted to be appealed from might be clearly erroneous and might impose a hardship; in one the attempted appeal would fail because of the addition of one day to the three hundred and sixty-five days allowed for an appeal; in the other it fails because plaintiff in error did not have the record so made as to speak the whole truth and disclose the error.

The contention that the decision of this court holding that the petition stated two causes of action improperly joined, and not the decision of the district court that it stated no cause of action, became the final judgment is supported by only one case cited which is claimed to be parallel to this. It is *Griffin v. Seymour,* 15 Iowa, 30, 83 Am. Dec. 396. That case is like this upon the question of *res judicata,* with this important exception: it was at no time made to appear upon which of the two grounds the demurrer was sustained by the lower court. The supreme court affirmed the judgment on the ground of misjoinder. That case was in the situation, when

the judgment was pleaded as *res judicata,* as this would have been had the record of the district court of Shawnee county never been corrected. Because of the silence of the record on the subject it was held to be the presumption that the district court sustained the demurrer upon the same ground as did the supreme court. That is a well-recognized rule, but it is not applicable here. The amended record pleaded imports absolute verity, and no presumption is to be indulged. True, it was said in that case that "the judgment of this court, and not that of the district court, is the final adjudication." (Page 33.) In this state, however it may be in Iowa, the judgment of a district court having jurisdiction is final unless reversed or set aside. If appealed from it is only suspended or stayed upon the giving of a prescribed bond, and, if affirmed, it of course becomes final. We render no independent judgment in case of affirmance.

It appears from the opinion in a later Iowa case, *Trescott v. Barnes,* 51 Iowa, 409, 1 N. W. 660, that certain appealed cases in the supreme court of that state are, and others are not, triable *de novo.* That case was held not so triable, as no case is in this court. An excerpt from the opinion therein shows that, in such a case, it is the judgment of the district court, and not that of the supreme court, which constitutes the final adjudication. The case of *Trescott v. Barnes* is very similar in principle to the case under consideration. A judgment was rendered by a trial court. The defeated party appealed, and the supreme court upon a hearing concluded that the judgment was erroneous and filed an opinion to that effect, ordering a reversal. But a rehearing was granted, and the final decision was that, owing to a failure of the appellant to make a sufficient assignment of error, the judgment could not be reversed, notwithstanding the error. In subsequent litigation the judgment was pleaded as a bar, and the supreme court in sustaining the plea used this language,

which may be applied to the case at bar without the change of a word:

"Counsel announce the undisputed rule of law that a former judgment will not be effectual as a bar to an action, unless it was rendered upon a trial on the merits. If the trial went off on any technical point the judgment will be no bar. It is insisted that, as the judgment of affirmance in this court was not upon the merits, it is not a bar to this action. Counsel, in our judgment, mistake the facts upon which they rely in the application of this rule. The judgment of the court below was upon the merits of the case. The appeal to this court suspended that judgment; the final judgment of this court affirms it. The judgment in the case now of force was upon the merits. . . . The fact that our opinion upon the merits of the case was adverse to the decision in the court below did not affect that decision. While we expressed our views of the law and facts, those views never culminated in a judgment. After our final decision the case stood just as though it had never been appealed. It can not be claimed that, had no appeal been taken, the judgment would not have been a complete bar to this action." (51 Iowa, 410.)

Upon the proceedings in error in this case this court affirmed the judgment, the full purport of which the court was not informed of by reason of the failure of plaintiff in error to have the record made specific. The judgment of the district court was specific, and after the affirmance the record was amended to speak the full truth, which had in part been omitted therefrom. At the risk of repetition we restate the proposition: In answer to a petition claiming relief, upon certain detailed facts, in the district court of Lyon county, the defendants pleaded as *res judicata* that the plaintiff, in an action between the same parties in the district court of Shawnee county, had in a cross-petition alleged the same facts and prayed for the same relief against them; that therein the defendants had demurred on the ground that the cross-petition did not state a cause of action; that the court had so ruled, and upon the refusal of the cross-petitioner to amend had rendered judg-

ment for the defendants; that the cross-petitioner had appealed from such judgment to the supreme court, and therein the judgment had been affirmed. To this answer the plaintiff demurred and the demurrer was overruled. Did the court err in so ruling? Realizing that the plaintiff has, through oversight, lost the opportunity of a trial to a jury upon the facts, which might have resulted in the recovery of a large sum of money, we are compelled to answer the question in the negative.

The judgment is affirmed.

GRAVES, BENSON, JJ., not sitting.