[Civ. No. 627. First Appellate District.—September 22, 1909.]

## CATHERINE PAINE and W. A. PAINE, Her Husband, Respondents, v. A. B. WARD, A. A. MARTIN, and WARD & MARTIN, a Copartnership, Appellants.

NEGLIGENCE—COLLISION OF RUNAWAY TEAM WITH BUGGY—SUPPORT OF FINDINGS—CONFLICTING EVIDENCE.—In an action to recover damages caused by the rear end collision of a runaway team in charge of defendant's servant, which overtook the buggy and jumped therein, causing the injuries complained of, where the evidence is conflicting as to whether defendant's servant negligently left the team without fastening the reins, or setting the brake, and as to whether the team was startled and caused to run by the loud and sudden slamming of an entrance gate, findings that the runaway was caused by the negligence of defendant's servant are sufficiently supported, and this court will not disturb the conclusion of the trial court.

ID.—SUPPORT OF FINDING AGAINST CONTRIBUTORY NEGLIGENCE.—Where it appears that neither of the plaintiffs knew the team, and had never before seen the horses, and did not know that they were naturally nervous and restless, and neither of them could anticipate the slamming of the gate, without which act the team would not probably have run away, a finding against the contributory negligence of the plaintiffs is sustained by the evidence.

ID.—LINES SEEN BY DRIVER OF BUGGY ON GROUND IN PASSING TEAM—INFERENCE.—The fact that the driver of the buggy in passing the team discovered that the lines were lying on the ground cannot, in view of the unanticipated cause of the runaway, be chargeable to him as constituting negligence, where it may be inferred that this discovery was made at a time too late to change the course of the buggy, and avert the accident caused by the slamming of the gate.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order denying a new trial. John E. Richards, Judge.

The facts are stated in the opinion of the court.

E. D. Crawford, and B. A. Herrington, for Appellants.

A. A. Caldwell, and E. M. Rea, for Respondents.

KERRIGAN, J.—This is an action to recover damages for personal injuries alleged to have been caused by the negli-

gence of the defendants. The case was tried without a jury and a judgment was entered in favor of the plaintiffs. The appeal is from an order denying defendants' motion for a new trial.

At the time of the accident the plaintiffs were employed on the Cullen ranch, near the town of Gilroy as teamster and cook respectively, and the defendants, who were in the wood business, were cutting and hauling wood from the same ranch. At that time an employee of the defendants, having in charge the defendants' team attached to a wagon, had passed from the public road into the Cullen property, and after doing so had left the team and wagon standing unattended while he stepped back to close a gate through which he had just passed. At this moment he noticed the plaintiffs approaching driving a horse and buggy, and he held the gate open until they had passed into the Cullen ranch. After passing through the gate the plaintiffs drove around the team, and when they got into the road and about forty feet ahead of the team, the latter ran away and collided with or jumped into the rear of their buggy, resulting in the injuries complained of.

Defendants contend that the findings are not supported by the evidence.

The court found that defendants' "said servant negligently and carelessly left said team of horses, hitched to said wagon, standing about twenty feet from the gate or entrance to the Cullen ranch . . . without fastening the reins or setting the brake upon said wagon, said horses being unattended by any person or persons and untied." That while the team was left in that unsafe condition said employee "carelessly and negligently" did "slam shut violently and with great force the gate to said entrance, thereby creating a great and sudden noise," which noise "combined with other causes . . . caused said team of horses to take fright" and run away.

Defendants' contention that the evidence is insufficient to support this finding is untenable. One witness testified that this was a restless and nervous team and that it had acted in a fractious manner before. It was undisputed that the employee in charge of the team on the day of the accident had been driving it for a period of three months. One of the plaintiffs, W. A. Paine, said in his testimony that it is the custom of teamsters to set brakes, back the team, and

twist the lines securely around the seat of the wagon or the brake before getting down to open or close a gate, whether the team is gentle or not. That on this occasion, in driving by the standing team, he glanced down and noticed the reins of the team upon the ground; that when the team was stopped the lines were dragging upon the ground, and the brake upon the wagon was not set, and that the team and wagon were unattended while the driver thereof was holding open the gate. Both plaintiffs testified that just as they turned into the road ahead of the team, and while the team was still unattended, the gate slammed, making a loud noise, and that the team almost immediately started and came up behind them so rapidly that it was impossible to avoid the accident.

On the other hand, defendants introduced testimony to the effect that the brake on the wagon was set and the reins fastened; that the gate was held open by their driver at the request of plaintiffs, and that they in passing the team drove so close to it as to touch with their buggy the stomach of one of the horses, which caused the team to run away.

The effect of all this evidence was to present a question of fact to the trial court. The court accepted the version of the accident which showed negligence on the part of defendants' employee, and under the well-established rule in cases of conflict in the evidence, this court will not disturb the conclusion of the trial court.

Appellants also claim that the finding that plaintiffs were not guilty of contributory negligence is contrary to the evidence.

W. A. Paine testified that as he approached the gate he "yelled to the man standing there to go on" as "the team coming behind would close the gate"; that "I told him several times to drive on, but he would not do so, and motioned to us to go on through the gate. We drove no closer at any time to the team than thirty or forty feet. I saw the reins on the ground just as my wife turned into the road ahead of the team, and I had not noticed them before." His wife testified: "I naturally supposed the driver of the team had set his brake and fastened his reins. If he had done so the accident would not have happened. I did not see the reins upon the ground and did not see the brake." Neither of these witnesses, according to their testimony, knew the horses

nor had ever seen them before.   They were familiar with the custom of teamsters, and therefore supposed that the brakes were set and the lines securely fastened.

If the testimony in· the case disclosed that the plaintiffs knew that the team in question was naturally nervous and restless, that the brakes were not set and the lines lying on the ground, the court might have found that the plaintiffs were guilty of contributory negligence in driving ahead of the unattended team, but their evidence shows that they did not know those facts, except that one of the plaintiffs in passing the team saw the lines on the ground, but it may be inferred that this was at a time too late to change the course of the buggy and avert the accident.   Neither of them could anticipate the slamming of the gate, without which act the team would probably not have run away.   We think the finding of the court on this branch of the case is also amply sustained by the evidence.

The order appealed from is affirmed.

Hall, J., and Cooper, P. J., concurred.