No. 26,706.

SIDNEY WILSON, *Appellee*, v. J. B. MESSER et al., *Appellants*.

SYLLABUS BY THE COURT.

1. PLEADING—*Amendment—Judgment on Demurrer as Res Judicata*. Where a demurrer to one of two causes of action stated in plaintiff's petition was sustained and the plaintiff was granted time to amend his petition, but did not amend it, and where the action proceeded to trial upon the evidence which the parties chose to produce, it was not error for the trial court to permit plaintiff to amend his petition to conform with the proof, but such amendment did not revive the cause of action which had been disposed of by the adverse ruling on demurrer.

2. TRIAL—*Excessive Verdict—Remittitur or New Trial*. The evidence given in support of the one cause of action on which the case was tried examined and held insufficient to support the aggregate sum for which judgment was entered, and that such judgment must be subjected to a remittitur or a new trial ordered.

Appeal from Bourbon district court; EDWARD C. GATES, judge. Opinion filed June 12, 1926. Modified.

*James G. Sheppard,* of Fort Scott, for the appellants.
*Hubert Lardner,* of Fort Scott, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This lawsuit between two farmers arose over plaintiff's charges for pasturing defendant's cattle during the seasons of 1921 and 1922, and involved certain items of account between the litigants.

It appears that in 1921 the plaintiff, Sidney Wilson, received into his pasture a number of cattle belonging to defendant, J. B. Messer, at an agreed charge of $1.50 per head per month, or five cents per day. With these cattle were certain others which belonged to defendant's son, Boyd Messer. As part payment therefor defendant

---

Appeal and Error, 4 C. J. pp. 757 n. 42, 1138 n. 63. Judgments, 34 C. J. pp. 894 n. 31, 895 n. 32. Pleading, 31 Cyc. pp. 448 n. 65, 465 n. 28.

Wilson v. Messer.

worked for plaintiff a certain number of days and paid him a certain sum in cash. But the accounts of the litigants for that year's business were not definitely settled and closed. In the season of 1922 plaintiff likewise furnished pasturage for defendant's cattle, and defendant performed certain days' work for plaintiff. Again no settlement of accounts was effected; hence this lawsuit.

On October 22, 1923, plaintiff commenced this action in the district court against J. B. Messer and Boyd Messer, and on May 10, 1924, he filed his first amended petition. It contained two causes of action, in the first of which plaintiff itemized his charge for pasturage for the season of 1921, and claimed a balance due thereon of $42.05; for hay, corn, fence posts and a pump, $28.20; balance of pasture bill for 1922, $69.20; and a special item for late pasture in 1922, $30.60. On this first count plaintiff prayed judgment for $170.05.

For a second cause of action plaintiff alleged that at the special instance and request of J. B. Messer, plaintiff permitted Boyd Messer to place certain cattle in his pasture during the season of 1921, at the agreed rate, which aggregated $177.10, and that defendants had paid $100 on account and had performed labor for plaintiff of the value of $13.25, and plaintiff prayed judgment on this cause of action for the sum of $63.85.

Defendant's demurrer to the second cause of action was sustained on November 15, 1924, and plaintiff was given twenty days to amend. He did not file an amended petition, however, and on January 3, 1925, the case went to trial on the remaining first cause of action. A jury was waived, the evidence for the parties was presented, and the court took the cause under advisement. Some time later plaintiff asked and obtained leave to file a second amended petition "to conform with the evidence produced at the trial," and on April 17, 1925, such amended petition was filed. In it items aggregating $177.10, which had constituted the second cause of action in plaintiff's first amended petition, and which had been subjected to the trial court's adverse ruling of November 15, 1924, on demurrer, were again incorporated in the amended petition filed April 17, 1925. On April 23, 1925, defendant J. B. Messer filed answer traversing most of plaintiff's allegations, pleading various matters, and particularly pleading that the items aggregating $177.10 appearing in plaintiff's second amended petition were the identical items which had been eliminated from the action by the trial court's

ruling on the demurrer more than six months before. The answer recited:

"This defendant further alleges that the said defendant J. B. Messer in said action duly filed a demurrer to said second cause of action set out in the second cause of action in the first amended petition covering said items, which demurrer was duly sustained by said court to said second cause of action in said items, which demurrer was never appealed from and is a final, full and complete adjudication between plaintiff and this defendant of these items of $177.10."

There was no further hearing of evidence after these pleadings were filed, and on May 28, 1925, the trial court entered a finding and judgment for $207.15 in favor of plaintiff.

Defendant J. B. Messer appeals, assigning various errors, but particularly stressing the point that plaintiff's claim based on the items aggregating $177.10 for pasturing Boyd Messer's cattle, against which defendant's demurrer had been sustained at the October term (November 15), 1924, was *res judicata;* and that it was error to permit them to be reincorporated into plaintiff's amended causes of action filed more than six months thereafter and after the October, 1924, term had expired, and several months after the action had been tried, the evidence submitted and the case taken under advisement.

But it is not clear that the items constituting the second cause of action which went out on demurrer were brought back by way of amendment made after the term. If they were, they would, of course, be subject to a plea of *res judicata.* (*Brown v. Kirkbride,* 19 Kan. 588; *Bierer v. Fretz,* 37 Kan. 27, 14 Pac. 558; *Sanford v. Oberlin College,* 50 Kan. 342, 31 Pac. 1089; *Martindale v. Battey,* 73 Kan. 92, 84 Pac. 527; *Holderman v. Hood,* 78 Kan. 46, 96 Pac. 71; *Yeager v. Aikman,* 80 Kan. 656, 662, 105 Pac. 132.) The rule is that when a demurrer is sustained to a petition for the reason that it does not state facts sufficient to constitute a cause of action such ruling is an adjudication upon the facts pleaded to the same extent as though such alleged facts had been established by evidence and a judgment adverse to plaintiff rendered thereon (*Hyatt v. Challiss,* 59 Kan. 422, syl. ¶ 2, 53 Pac. 467), but it is not an adjudication upon a different state of facts pleaded. Applying the rule to this case, in the cause of action to which the demurrer was sustained, it was alleged that plaintiff pastured Boyd Messer's cattle at the instance and request of defendant J. B. Messer. That was materially different from an allegation in the last amended pe-

tition to the effect that plaintiff pastured Boyd Messer's cattle under an oral agreement under which defendant promised to pay.

We cannot assume that the trial court permitted evidence to be introduced which had no relevancy to count one, or which bore only on the facts pertaining to the discarded count two. We interpret the order of court permitting the petition to be amended to conform to the proof to mean that it might be amended to conform to the proof tendered by plaintiff in support of his first cause of action.

In the evidence itself plaintiff's testimony gave some support to all the items set up in his first cause of action, except the item of $30.60. As to it there was no evidence. The evidence on behalf of defendant centered around his claimed settlement and the showing that it was Boyd's cattle pastured in 1922. On rebuttal plaintiff was interrogated by the court and then testified that altogether he had about thirty-five head of cattle, part of the time in 1921, belonging to defendant and his son.

Touching the question whether the evidence justified the filing of this last amended petition, it seems clear that it did not, and plaintiff's recovery in this case should be limited to the items claimed by him under his first cause of action, upon which the case was tried, which were supported by any substantial evidence in his behalf, which is all of the items in that first cause of action except the item of $30.60. Therefore the judgment should be reduced to $139.45, and as so modified, affirmed, if the plaintiff will assent thereto. If not, the judgment must be reversed *in toto*, and a new trial directed.

It is so ordered.

Dawson, J., concurs in the result.