No. 33,312

Vandilla C. Shelley, Guardian of the Estate of Fred M. Shelley, an Incompetent Person, *Appellant*, v. The Sentinel Life Insurance Company and The American Savings Life Insurance Company, *Appellees*.

(69 P. 2d 737)

Opinion filed July 10, 1937.

*E. R. Barnes,* of Pratt, *W. D. Jochems, J. Wirth Sargent, Emmet A. Blaes* and *Roetzel Jochems,* all of Wichita, for the appellant.

*T. F. Railsback,* of Kansas City, *C. M. Howell* and *W. H. Allen,* both of Kansas City, Mo., for the appellees.

The opinion of the court was delivered by

Wedell, J.: This was an action by an insured to cancel and set aside a certain release of liability which had been executed as a result of a purported settlement of a claim and to set aside written surrenders of riders or supplemental contracts attached to two original policies of life insurance. The relief was sought on the ground of fraud and absence of consideration. The foregoing was the sub-

stance of the first cause of action. In the second and third causes of action recovery was sought of certain disability benefits and insurance premiums paid during the period of alleged disability. The parties agreed to litigate first only the legal questions presented in the first cause of action. This procedure is authorized under the provisions of G. S. 1935, 60-2902. Trial on the second and third causes of action are therefore being held in abeyance until the determination of the issues presented in the first cause of action. The trial court ruled against plaintiff on the ground of *res judicata*. The ruling was based on a previous suit between the same parties in the district court of Wyandotte county. In that suit plaintiff sought a decree of specific performance. Plaintiff contends the judgment is erroneous.

A general statement of some of the pertinent facts, prior to a discussion of the issue of *res judicata*, will be helpful. Shelley had purchased five policies of life insurance from the Sentinel Life Insurance Company, which company was later merged or consolidated with the defendant, the American Savings Life Insurance Company. Only two of those policies are involved in the instant case. In addition to the two policies mentioned, plaintiff purchased supplemental contracts for each of said policies, which were attached as riders. The rider on one policy gave him a monthly stipend and the riders on both policies made provision for a surcease from premium payments in the event he became totally and permanently disabled under the terms of the policies. Plaintiff presented a claim for total permanent disability due to eye failure, retinitis and loss of vision. Defendant rejected the claim. About a year later he reopened the subject and a compromise settlement was finally made on the policy carrying monthly disability benefits. Under the terms of settlement he also surrendered the premium waiver provision in both policies. The compromise settlement was for the sum of $600. Plaintiff released defendant from all further liability under the terms and provisions of the riders on both policies and on the same date signed a surrender statement on each of the riders. On the same date he also made written application for policies from which the rider provisions were to be removed. His wife signed the release as a witness, and as beneficiary she signed the applications for change of policies. The release in substance stated: Defendant denied all liability under the provisions of the riders for total permanent disability; the settlement was made as a compromise of their differences; plaintiff

was uninfluenced by defendant or its agents in making the settlement; the settlement was a bar to any suit at law or otherwise for anything growing out of the terms and provisions of the riders; in view of the release and surrenders made by plaintiff, the riders were detached from the policies.

Plaintiff is about forty-four years of age. He had lived in Wyandotte county. He had been employed as an insurance salesman by the Sentinel Life Insurance Company at Kansas City, Mo., in the early part of 1927.

As previously stated, the cancellation of the release of liability and the cancellation of the signed surrenders of the riders are sought in the instant case on the ground of subterfuge, fraud and want of consideration. For its answer to the petition in the present action defendant pleaded *res judicata* and set up the entire record in the district court of Wyandotte county, including the pleadings and judgment. Plaintiff replied, alleging the action in Wyandotte county was not *res judicata*. His claim was that the matters sought to be litigated in the two actions were not identical. He also alleged the substance of the comments of the trial court in Wyandotte county, which comments, however, were not a part of the journal entry of judgment.

In order to have a clear understanding concerning the defense of *res judicata* it becomes necessary that we examine the pleadings and record in the Wyandotte county case. The petition in the Wyandotte county case on the subject of fraud in substance alleged: The riders on plaintiff's policies were obtained by defendant through subterfuge and fraud; the paper he signed was represented to be a receipt for money received and not a release of liability on the riders attached to the policies.

The petition prayed for an order that defendant be required to supply plaintiff with signed waivers of premium benefits, according to the wording of the contracts, on each of the policies, and that the contracts of insurance be thus ordered to be specifically performed.

To the petition in that case defendant filed an answer. In substance, it contained a specific denial of the charge of fraud and of the permanent disability of plaintiff; that the release had been obtained as a part of a compromise settlement of an actual controversy as to defendant's liability; the controversy was terminated by compromise settlement as a result of a mutual desire to buy peace and avoid litigation.

The answer also pleaded copies of the policy change forms signed by plaintiff and his wife, as beneficiary.

To that answer plaintiff in substance replied: The documents referred to in defendant's answer were obtained through fraud; plaintiff could not see the words nor letters contained thereon and was advised by defendant's agent his signatures were necessary and were receipts for money to be paid; he did not read the documents; they were not signed with the understanding it was a compromise settlement or to avoid litigation; the consideration was inadequate; that by reason of his financial circumstances he was forced by defendant to accept the sum of money.

Upon the issues thus joined the action was tried in the district court of Wyandotte county. Plaintiff and defendant both testified concerning the alleged fraud. Defendant demurred to plaintiff's evidence. The pertinent part of the journal entry of judgment reads:

". . . it is ordered that said demurrer be sustained on the ground that the plaintiff's evidence does not prove or tend to prove the plaintiff's cause of action.

"It is therefore by the court considered, ordered and adjudged that the defendant's demurrer to the plaintiff's evidence of this case be, and the same is sustained, and that plaintiff take nothing by this action, but the defendant shall go hence without day and have judgment against the plaintiff for the costs of this action."

The trial court of Sedgwick county ruled:

"It is therefore, by the court, considered, ordered, and adjudged as a matter of law that the judgment of the district court of Wyandotte county, Kansas, as shown by the journal entry thereof, copy of which was attached to the defendant's answer and the record of the trial of said cause, as shown by the transcript, considered by the court is *res judicata* of the issues raised by the pleadings in this case on the plaintiff's first cause of action, to wit: Plaintiff's cause of action to set aside certain releases, endorsements and other documents and constitutes a bar to further litigation of said subject, and the plaintiff is, and should be, estopped from again litigating said questions in this action."

We think the ruling was entirely proper. Present counsel did not represent plaintiff in the former action. They have ably presented his contentions in the instant case. The record in the former case is, however, an insurmountable barrier. They stress the remarks of the trial court in the Wyandotte case, which remarks are no part of the journal entry of judgment. Remarks which indicate the reasoning of a trial court are frequently helpful on review, but they are no part of the judgment. They cannot limit or narrow it. The judgment and not the remarks determine what was adjudicated. (*Hop-*

*per v. Arnold,* 74 Kan. 250, 86 Pac. 469; *Bleakley v. Barclay,* 75 Kan. 462, 89 Pac. 906.) The reasoning of a court forms no part of the judgment. (*Hopper v. Arnold,* supra; *La Harpe Farmers Union v. United States F. & G. Co.,* 134 Kan. 826, 8 P. 2d 354.) In the instant case the judgment in the Wyandotte county case leaves no room for argument. The journal entry clearly and unqualifiedly discloses the demurrer to plaintiff's evidence was sustained because that evidence did not "prove or tend to prove the plaintiff's cause of action." Moreover, judgment was entered against plaintiff.

From what has been said concerning the remarks of a trial court it must, however, not be assumed that on a defense of *res judicata* the court can look only to the formal judgment previously rendered. The inquiry is not so limited. The court may look to the entire record to determine what the issues in fact were and what was adjudicated. (*Smith v. Auld,* 31 Kan. 262, 1 Pac. 626; *Brown-Crummer Investment Co v. Arkansas City,* 125 Kan. 768, 266 Pac. 60.)

The trial court in Sedgwick county remarked that all of the matters in litigation in its court could have been litigated in the Wyandotte case. The remark was too conservative. The record, and not merely the formal judgment, in that action discloses the issues were squarely drawn on the subject of fraud. Plaintiff offered his evidence in support of that issue and judgment went against him. It matters not whether that ruling was correct. No appeal was taken therefrom and it is final.

Plaintiff further urges the remarks of the trial court show the demurrer in the Wyandotte county case was sustained because that court found it could not decree specific performance, as defendant had not made a contract to deliver the riders. Of course it had not. There was no occasion for such a contract. Defendant had, however, made the rider contracts and the question was whether, in law, they were not still a part of the policies. The very issue in that case was that the release of liability and the surrender of the rider contracts were void by reason of fraud. If the releases and surrenders were void, then in contemplation of law the riders were never surrendered and hence were still a part of the contract, and specific performance could properly have been decreed. The suit was in equity and the plaintiff was entitled to such a decree as would do justice between the parties. In 58 C. J. (Specific Performance, § 1) it is said:

"In its remedial aspect, specific performance is an equitable remedy which

compels the performance of a contract in the precise terms agreed on, or such a substantial performance as will do justice between the parties under the circumstances. It is a means of compelling a party to do precisely what he ought to have done without being coerced by a court." (See illustrations in footnotes.) (p. 846.)

Plaintiff was entitled to such relief as the allegations of his petition and the evidence in support thereof entitled him. The exact wording of the prayer was of little, if any, consequence. (*Smith v. Smith*, 67 Kan. 841, 73 Pac. 56; *Eagan v. Murray*, 102 Kan. 193, 170 Pac. 389; *Snehoda v. National Bank*, 115 Kan. 836, 224 Pac. 914.)

Fraud was just as definitely an issue in the first suit as in the present action. It cannot be litigated again between the same parties, with regard to the identical instruments, and for the same general purpose. The demurrer was not merely sustained to a pleading. It has, however, been held that where a demurrer is sustained to a pleading, and the party stands on that ruling, and judgment is entered thereon and defendant recovers his costs, the judgment is upon the merits, and such facts cannot be relitigated between the same parties in any court. (*Brown v. Kirkbride*, 19 Kan. 588; *Holderman v. Hood*, 78 Kan. 46, 96 Pac. 71; *Wilson v. Messer*, 121 Kan. 254, 256, 246 Pac. 674.) In the instant case a demurrer was sustained to plaintiff's evidence and judgment was rendered in favor of defendant, together with his costs. The questions involved in that action are *res judicata*. (*Seckler v. Delfs*, 25 Kan. 159; *McLaughlin v. Doane*, 40 Kan. 392, 19 Pac. 853. See, also, annotation 13 A. L. R. 1104, 1118.)

Our statute, G. S. 1935, 60-2909 (subdiv. 3), expressly directs the trial court to render such judgment upon the sustaining of a demurrer to evidence as the state of the pleadings or the proof shall demand. Judgment was rendered and it was a final determination of the action on its merits.

Plaintiff contends there was no identity of things sued for in the two actions and hence the rule of *res judicata* does not apply. A sufficient answer to the contention is that the same general relief, namely, the benefits claimed under the supplemental contracts or riders, was sought in both actions.

It is next urged there was no identity of causes of action and therefore the rule that all issues could have been litigated in the former action does not apply. We have previously indicated the record in the Wyandotte case discloses the issues were specifically drawn on the subject of fraud, and the judgment itself indicates that issue

was resolved against the plaintiff. Irrespective of the form of the actions, the specific issue of fraud essential to plaintiff's relief in either case was litigated in the former action.

It follows that decisions in other cases in which the same general relief was not sought in both actions or in which the record does not disclose that certain essential issues were joined and tried in the former action do not apply to the instant case. The judgment must be affirmed. It is so ordered.