No. 34,878

BLAZ STIMEC and MARY STIMEC, *Appellees,* v. ALVIS VERDERBER and MARY VERDERBER, His Wife, *Appellants* (THE HOME OWNERS' LOAN CORPORATION, *Defendant*).

(106 P. 2d 708)

Opinion filed November 9, 1940.

*Carl V. Rice, Harry Miller, Jr.,* and *William S. Hyatt, Jr.,* all of Kansas City, for the appellants.

*Joseph Cohen,* of Kansas City, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This is a suit to foreclose an equitable mortgage on certain real estate in Kansas City. Plaintiffs secured judgment. Defendants Verderber have appealed.

The Home Owners' Loan Corporation was a defendant in the court below, but since no one questions the fact that the corporation holds a first mortgage on the property involved in this case, and since the corporation has not appealed or made an appearance in this court, its interest will not be further noticed. Alvis Verderber and Mary Verderber, his wife, will be referred to as the defendants.

The facts set out in the pleadings and found by the trial court may be briefly stated. On July 8, 1925, plaintiffs loaned defendants the sum of $1,450 with which to buy the house which is involved in this suit. The defendants purchased the house, using plaintiffs' money as part of the purchase price. It was agreed between the parties that plaintiffs should have a lien on the real estate to secure the loan. A certain written instrument was given to plaintiffs by defendants. The instrument appears in the pleadings hereinafter set out.

The plaintiffs were unversed in the English language and in law and supposed this written agreement was sufficient to give them a mortgage on the real estate. The abstract to the property and deed received by defendants at the time of the purchase of the property were given to plaintiffs to hold after the deed had been recorded. These papers were later surrendered to enable defendants to secure a mortgage from the Home Owners' Loan Corporation.

For a time defendants paid the interest on the plaintiffs' loan, but later made default. Thereafter, on August 24, 1937, the plaintiffs brought suit against the defendants in the district court of Wyandotte county on the obligation and also attempted to allege an equitable mortgage covering the property. That suit is known as case No. 54,133A. A demurrer was sustained to an amended petition in case No. 54,133A on the ground that it did not state a cause of action. The contents of that petition will be noted more fully later. The plaintiffs filed a third amended petition in case No. 54,133A, which contained no reference to the equitable mortgage, but simply prayed for a personal judgment against the defendants. Defendants allowed plaintiffs to take a personal judgment on this third amended petition by default.

After plaintiffs had failed to obtain satisfaction on their judgment in case No. 54,133A they filed the present suit in which they prayed that they be found to be entitled to an equitable mortgage on the property in question, and that it be foreclosed.

At the close of plaintiffs' evidence the defendants demurred on the ground that plaintiffs' cause of action was foreclosed by the doctrine of *res judicata* in view of the decision on the demurrer in case No. 54,133A. The district court overruled the demurrer. After judgment had been rendered in favor of the plaintiffs, defendants moved to set aside that judgment, and for judgment in their favor;

they also filed a motion for a new trial. Both of these motions were overruled.

In this appeal defendants contend that the district court erred in its rulings on the demurrer and on the motion to enter judgment for the defendants.

It is immediately apparent from the above recital that plaintiffs attempted to set up their equitable mortgage in case No. 54,133A; that a demurrer was sustained to the pleading and that they then abandoned their claim of a mortgage on the property with the result that the decision on the demurrer became final. The plaintiffs do not argue that they can now complain of that ruling, but they are attempting in this suit to revive the claim of an equitable mortgage as to which the court decided against them in case No. 54,133A when it sustained the demurrer to the amended petition in that case.

The allegations in the amended petition in case No. 54,133A as to the equitable mortgage, read as follows:

"Plaintiffs further state the purchase price of said home was $2,450; that the defendants, Alvis Verderber and Mary Verderber, his wife, had but $1,000 at this time and in order to secure the balance of the purchase price of said home, to wit: $1,450, made, executed and delivered to the plaintiffs herein their instrument in writing dated July 8, 1925, in the sum of $1,450, bearing interest at the rate of six percent per annum from date. A copy of said instrument is hereto attached, made a part hereof and marked 'Plaintiffs' Exhibit A.'

"Plaintiffs further state that at the time they loaned said $1,450 to the defendants, Alvis Verderber and the said Mary Verderber, his wife, said money was to be used to be paid as a part of the purchase price for the above-described property, that the said Alvis Verderber and Mary Verderber agreed that the property so purchased should be the security for the payment of the $1,450 loan as per conditions of said instrument hereto attached and that the defendants should hold said property in trust for the plaintiffs until said purchase price was repaid to the plaintiffs by the said parties according to the conditions and agreements of said instrument."

In the petition in this case the equitable mortgage is set out in the statement quoted below:

"3. Plaintiffs further state that the said defendants, Alvis Verderber and Mary Verderber, stated to the plaintiffs that in consideration of said loan they would give the plaintiffs as security a lien on said property which they were purchasing.

"4. Plaintiffs further state that they are foreign born, read and write the English language very little and that at said time they knew nothing about the manner in which to cause a formal mortgage lien to be prepared and filed.

"5. Plaintiffs further state that the said defendants, Alvis Verderber and

Mary Verderber, did on the 8th day of July, 1925, prepare or cause to be prepared an instrument designated 'Contract of Loan' hereafter set out, as follows:

" 'KANSAS CITY, July 8, 1925.
" 'CONTRACT OF LOAN

" 'I fully know that Mr. and Mrs. Blaz Stimatz have loan use on my property that we bought $1,450 (fourteen hundred and fifty dollars) on 6 percent interest.

" 'Signed below
" 'ALVIS VERDERBER
" 'MARY VERDERBER

signed same and gave said instrument to these plaintiffs advising these plaintiffs that said instrument was sufficient to evidence the loan and the indebtedness due from said defendants to these plaintiffs and would be sufficient and adequate to effect a mortgage lien in favor of these plaintiffs on the property which said defendants were purchasing; that these plaintiffs relied upon said representations and accepted said instrument for such purpose."

In both of the above pleadings it is the same transaction which is attempted to be alleged. Reference in both pleadings is made to the same written document. Perhaps there are certain embellishments added in the amended petition in this case which were not stated in the former pleading. We are of the opinion that the doctrine of *res judicata* is applicable.

The elements of *res judicata* were stated in *Benz v. Hines and Tarr*, 3 Kan. 386, (Dassler's ed.) as follows:

"To make a matter *res adjudicata* there must be a concurrence of the four conditions following, namely: (1) Identity in the thing sued for; (2) Identity of the cause of action; (3) Identity of persons and of parties to the action; (4) Identity of the quality in the persons for or against whom the claim is made." (Headnote, ¶ 3.)

That a ruling sustaining a demurrer may form the basis for *res judicata* is too clear for argument. (*Brown v. Kirkbride*, 19 Kan. 588; *McLaughlin v. Doane*, 40 Kan. 392, 19 Pac. 853; *Martindale v. Battey*, 73 Kan. 92, 84 Pac. 527; *Holderman v. Hood*, 78 Kan. 46, 96 Pac. 71; *Wilson v. Messer*, 121 Kan. 254, 246 Pac. 674; *Shelley v. Sentinel Life Ins. Co.*, 146 Kan. 227, 69 P. 2d 737.)

Moreover, the doctrine of *res judicata* not only prevents the relitigation of the same matters a second time but equally applies to bar the litigation of all matters in a second suit which could have been litigated under the facts constituting the cause of action in the first suit. (*Farrar v. Perkins*, 126 Kan. 71, 74, 266 Pac. 751; *McMichael v. Burnett*, 136 Kan. 654, 17 P. 2d 932; *Clark v. Layman*, 144 Kan. 711, 62 P. 2d 897; *Lins v. Eads*, 145 Kan. 493, 66 P. 2d 390; *Kaw Valley State Bank v. Thompson*, 140 Kan. 726, 37 P. 2d 985.)

Certainly, the plaintiffs could have included anything in the petition in case No. 54,133A in reference to the equitable mortgage that they have set out in the petition in this case. That being true, the above authorities definitely foreclose their right to now relitigate this same equitable mortgage involved in the former case.

The judgment is reversed with instructions to enter judgment for defendants.