THADDEUS HYATT v. GEORGE T. CHALLISS *et al.*

No. 10561.

1. RES JUDICATA—*decision of federal court that action barred, conclusive on parties or privies seeking to litigate same matter in state court.* H. brought an action of ejectment against C. and others, in the state court, and the first trial resulted in a judgment against the plaintiff. He demanded a second trial; and thereupon the judgment was vacated and the cause set down for another trial. Before the second trial was had the plaintiff dismissed the action. He then brought a like action against the same parties in the federal court, where the defendants set up the former proceedings; and that court held that the former proceedings barred the plaintiff from maintaining the action in that tribunal. Afterward, the plaintiff brought a similar action against the same parties in the state court, and the defendants set up the former proceedings in both state and federal courts. *Held*, that the decision of the federal court, holding the plaintiff to be barred from maintaining another action, is conclusive between the parties and those in privity with them.

2. ———— *as to facts in challenged pleading, decision on demurrer as conclusive as judgment on trial.* A decision rendered upon a demurrer to a pleading setting forth the facts is as conclusive between the parties as if the facts had been proven upon trial and a judgment based thereon had been rendered.

Error from Atchison District Court. W. D. Webb, Judge. Opinion filed June 11, 1898. *Affirmed.*

*L. F. Bird*, for plaintiff in error.

*Seneca Heath, Henry Elliston* and *A. F. Martin*, for defendants in error, except R. M. Manley.

JOHNSTON, J. On July 29, 1887, Thaddeus Hyatt brought an action in the District Court of Atchison County against George T. Challiss, Reuben M. Manley and A. F. Martin to recover a tract of real estate. Answers and cross-petitions were filed by the defendants, setting up the rights and interests which they claimed in the land. Upon issues duly joined between these parties a trial was had on January 30, 1888, and judgment was then rendered in favor of the defendant Challiss, and against the plaintiff and the other parties. The plaintiff caused notice to be entered upon the journal demanding another trial; and thereupon the judgment was vacated and the cause set down for trial at the succeeding term of court. When the case was called for the second trial, at the September, 1889, term of court, the plaintiff dismissed his action.

Afterwards, on December 3, 1890, the plaintiff brought an action against the same defendants in the Circuit Court of the United States for the District of Kansas, to recover the same land. Challiss filed a separate answer, setting up the proceedings in the District Court in Atchison County, including the judgment on the merits, and vacation of the same, and the voluntary dismissal, and further alleging that since the dismissal he had conveyed a portion of the land to another. The answer of the defendant Martin was substantially the same as that of Challiss, while Manley set up a claim to the entire tract. The proceedings in the state court being admitted, the defendants moved for judgment on the pleadings, claiming

that the plaintiff having had one trial of the cause on its merits, which resulted against him, and having exercised his statutory right to vacate the judgment, and having afterwards, when the case was called for trial, dismissed the same, he had exhausted his right to further litigate any matter in issue therein. The federal court held that under the circumstances he was barred from maintaining another action in that tribunal.

Within a few days after this decision was made the plaintiff instituted the present action in the District Court of Atchison county, and asked for the recovery of the same land. The same parties were made defendants, as were also the parties to whom conveyances of the land had been made. The defendants set forth their respective interests in the land and the transfers that had been made, as well as the former proceedings in the state and federal courts. The plaintiff in his reply admitted that such proceedings had been had, but alleged that they constituted no bar to the trial of the present action. The court sustained a demurrer to the reply, holding that the plaintiff was concluded by the proceedings already had, and judgment was given against him. The correctness of this ruling is the only question presented for review.

The contention on the part of the defendants is that as there was a trial on the merits in the State court, and judgment rendered against the plaintiff, which was set aside, not for any error occurring at the trial, but as a matter of right given by the statute, the voluntary dismissal of the case after the 1. Decision in federal court res judicata. granting of another trial ended the litigation, and that the plaintiff was not entitled to reopen the controversy in the same or any other court. This was the view taken by the Supreme

Court of Wisconsin, in a case under a statute substantially similar to ours, in which it was held that the new trial granted in ejectment cases was another trial of that identical case and before the same court. It was remarked:

"If, therefore, the party obtaining it desires a new trial, he must comply with the requirements of the statute. He must proceed to it in the same action and before the same court that granted it. He cannot, because he happens to be plaintiff, be permitted afterwards to abandon the suit altogether, and commence a new one before the same or another tribunal. This would be allowing him to turn a privilege intended for his benefit into an instrument of the greatest oppression and injustice to the opposite party. It would be an utter perversion of the liberality of the legislature, and a fraud upon the statute. For if he can do so once, he may any number of times, and thus his statutory privilege may become the means of most vexatious and harassing litigation to the defendant." *Cunningham v. City of Milwaukee*, 13 Wis. 120.

When this litigation was before the federal court, the effect of the dismissal by the plaintiff after obtaining a new trial was considered; Riner, J., holding that by procuring that judgment to be set aside, without costs, under the statute, which was a part of the proceedings authorized, he had waived his right to resort to another trial in the federal court. *Hyatt v. Challiss*, 55 Fed. 267. In the decision of the case reference was made to *Fraser v. Weller* (6 McLean, 12), in which it was held that the institution of another action after the dismissal "would be a fraud upon the law. For aught that appears, the first judgment could not have been set aside except under the provisions of the statute. This remedy having been claimed under the statute, the party is bound to go on with another trial. Having set aside the bar to another suit, he does so under an obligation to pursue the

special remedy under the statute. He cannot claim the remedy in part to his advantage, and then abandon it to the injury of the other party."

The reasoning in these authorities is strongly against the claimed right of the plaintiff to abandon his suit in ejectment after judgment on the merits, and to prosecute a new one before the same or any other court, but whether he is entitled to reopen the controversy and relitigate the question or not, it has been finally determined against him in a court of competent jurisdiction. That was the question which was considered and determined by the United States Circuit Court. The matters set up in bar now were pleaded and in issue in the suit in that court. The points made and the questions argued now were the ones discussed and decided by that court. It had cognizance of the class of cases to which the one in question belongs. The proper parties were before the court, and the point decided was fairly presented by the pleadings. That decision has never been vacated or set aside. It stands unreversed, and must be considered as conclusive between the parties.

2. Decision on demurrer conclusive as to facts in pleading.

The question arose and it was determined, it is true, upon a demurrer; but, as the demurrer admitted all the facts in regard to former litigation set up in the pleadings, the decision sustaining it is as conclusive as if the facts had been proven upon trial and a judgment based thereon had been rendered. *Brown v. Kirkbride*, 19 Kan. 588; 21 Am. & Eng. Encyc. Law, 269. When the demurrer was sustained the federal court entered an order of dismissal, but it was not a dismissal for any of the grounds mentioned in section 397 of the Code, and cannot be regarded as a dismissal without prejudice. The case was not disposed of because there was a defect of parties, or that the court was

without jurisdiction, but rather because the plaintiff, by his conduct and the former litigation in other courts, was technically estopped from reopening the controversy. It appears clearly enough from the opinion of the Federal court that the merits were involved and that the point now before us was di-rectly adjudicated. It is well settled that an issue so determined is a bar, not only to any dispute as to the facts, but also as to any further consideration of the law bearing on the case.

The judgment of the federal court is conclusive, and the questions decided cannot be again contested between the same parties or those in privity with them.

The judgment of the District Court will be affirmed.