HENRY M. DEMING v. HATTIE R. DOUGLASS.

### No. 11293.

PETER DICKSON v. HATTIE R. DOUGLASS.

### No. 11294.

EJECTMENT—*Effect of Dismissal before Second Trial.* After a first trial in ejectment the judgment was vacated on demand of defendant by notice on the journal, and the cause continued until the next term of court. The plaintiff dismissed the suit without prejudice. Within a year she commenced a new action against the same defendant for recovery of the same land. *Held*, that the last action could not be maintained.

Errors from Shawnee district court; Z. T. HAZEN, judge. Opinion filed July 8, 1899. Reversed.

*Hopkins & Hopkins, A. Bergen, James H. Lowell,* and *Hayden & Hayden,* for plaintiffs in error.

*John C. Douglass,* and *Vance & Campbell,* for defendant in error.

The opinion of the court was delivered by

SMITH, J. : The questions of law being identical in the two cases, a statement of facts in the first will be sufficient.

An action in ejectment was commenced by the plaintiff below, Hattie R. Douglass, on March 7, 1890, against the defendant for the recovery of the possession of real estate and damages for its detention. The defendant answered, alleging as one defense that on June 10, 1887, the plaintiff commenced an action in the district court against the defendant for the recovery of the premises in controversy, and for damages for their detention ; that defendant filed an answer denying plaintiff's claim of title, and setting up title in himself ; that thereafter, on March 28, 1888, upon a trial

had, judgment was duly rendered thereon in favor of the plaintiff, Hattie R. Douglass, against defendant for the recovery of the premises; that thereupon on the same day the defendant, by notice on the journal, duly demanded another trial in said action, and the judgment was then vacated, and the cause continued until the next term of the court; that afterward, on March 22, at the March term, 1889, said plaintiff voluntarily dismissed her said action, and judgment was rendered in favor of the defendant and against said plaintiff for costs in the action; that by reason of the premises alleged plaintiff abandoned her claim of title, and waived a right to commence and prosecute this action. A general demurrer was filed to this paragraph of the answer.

The question to be determined here is whether the existence of said facts constitutes a defense to this action of ejectment. The demurrer should have been overruled. Sections 6 and 7, chapter 96, General Statutes of 1897 (Gen. Stat. 1889, ¶¶ 4702, 4703), read:

"§ 6. In an action for recovery of real property, the party against whom judgment is rendered may at any time during the term at which the judgment is rendered demand another trial by notice on the journal, and thereupon the judgment shall be vacated and the action shall stand for trial at the next term.

"§ 7. No further trial can be had in such action, unless for good cause shown a new trial be granted, or the judgment be reversed, as in other actions."

This is the only form of action under our statute in which two trials are granted as a matter of right. The plaintiff below could only get the benefit of a second trial by virtue of the statute, which provides a form of procedure in such cases. She was entitled to a second trial of the action in the court in which the

action was commenced. The granting of a second trial is one of the steps toward the final disposition of an action for a recovery of real property. A dismissal by the plaintiff after the first judgment is vacated amounts to the waiver of another trial. It is a surrender. In *Alice Frazer v. Charles Weller et al.*, 6 McLean, 12, it was held that the institution of a subsequent action after dismissal of the first "would be a fraud upon the law. For aught that appears the first judgment could not have been set aside except under the provisions of the statute. This remedy having been claimed under the statute, the party is bound to go on with another trial. Having set aside the bar to another suit, he does so under an obligation to pursue the special remedy under the statute. He cannot claim the remedy in part to his advantage and then abandon it to the injury of the other party." To the same effect see *Cunningham v. The City of Milwaukee*, 13 Wis. 120.

As we interpret our statute, the granting of a second trial permits a new trial of that identical cause of action, which must be had before the court in which the suit is then pending, unless the place of trial be legally changed. If the practice adopted by the defendant in error be approved, then there could not only be one but a dozen or more first trials in ejectment, if the plaintiff in the suit saw fit to dismiss after the first judgment had been set aside. As was said in the Frazer case, *supra*, this would be a fraud on the law. The reason would not apply were not this a purely statutory action. Plaintiff having asserted the right, she must be satisfied with the remedy. It can make no difference that the first judgment was favorable to the plaintiff below. If the first trial had not been set aside it would have been final, but the

judgment being vacated the plaintiff was obliged to proceed in that court and have her rights adjudicated at the second or final trial there. (*Hyatt v. Challiss*, 55 Fed. 267.)

The case of *Hyatt v. Challiss* was before this court in 59 Kan. 426, 53 Pac. 467, where the doctrine in *Alice Frazer v. Charles Weller et al.* was quoted approvingly. The question decided was the effect of the judgment in the federal court as an adjudication of the rights of the parties. In the opinion, however, the question here was referred to by Mr. Justice Johnston, as follows : '' The reasoning in these authorities is strongly against the claimed right of the plaintiff to abandon his suit in ejectment after judgment on the merits, and to prosecute a new one before the same or any other court.''

Defendant in error insists that section 17, chapter 95, General Statutes of 1897 (Gen. Stat. 1889, ¶ 4100), preserved her right to prosecute the case at bar. We cannot agree with counsel in this. Said section is in the nature of a statute of limitation only. It does not confer any new right to commence a subsequent action, but merely prescribes such right, if any, plaintiff might otherwise have had to commence another action for the same cause. If not barred by limitation, the right to sue would have existed independently of the statute. Statutes of limitation relate to the remedy and not directly to the right. (Suth. Stat. Const., § 479.)

The allegations of the answers were sufficient in law to constitute a defense, and the demurrers thereto should have been overruled. The judgment of the court is reversed, with directions to overrule the demurrers.