HATTIE R. DOUGLASS v. JAMES H. LOWELL *et al.*

No. 12,026.   (67 Pac. 1106.)

SYLLABUS BY THE COURT.

TITLE AND OWNERSHIP—*Tax Deed—Original not a Dependent Title.* The title to property subject to taxation conveyed by a tax deed is an original, not a dependent, title, and is unaffected by any prior grant, lien, charge, assessment or encumbrance thereon. The effect of such deed is to extinguish and destroy all prior grants, liens, charges, assessments and encumbrances upon the property conveyed in existence at the time of levying the taxes upon which the tax deed rests for its support, including all prior tax deeds and liens claimed for taxes paid on the property thereby conveyed.

Error from Shawnee district court; Z. T. HAZEN, judge.   Opinion filed March 8, 1902.   Affirmed.

*John C. Douglass,* and *Vance & Campbell,* for plaintiff in error.

*Hayden & Hayden,* and *James H. Lowell,* for defendants in error.

The opinion of the court was delivered by

POLLOCK, J. : This was an application by plaintiff, holding under a tax deed adjudged void, for the ascertainment of the amount of taxes paid, a decree establishing a lien upon the land against which the taxes were assessed, and an order of sale to enforce payment. The land in controversy was sold for the taxes of the year 1862 to the county treasurer of Jackson county. The certificate of sale was assigned to one John C. Douglass, who paid and caused to be indorsed upon the certificate of purchase the subsequent accruing taxes for the years 1863 to 1867, both inclusive. On September 8, 1868, a tax deed was executed to Douglass and duly filed and recorded.

Douglass also paid the taxes on the land thereafter until the year 1874, and in 1874 he and his wife conveyed the property to plaintiff in error, then a minor of the age of six years. The taxes on the property for the year 1874 being in default, at a tax sale held on the 7th day of September, 1875, the property was sold to one Myers, who paid the subsequent taxes until the sale ripened into a tax deed, on October 12, 1878. The taxes again being in default for the year 1882, at a tax sale held on the 7th day of September, 1883, the property was sold to one Linscott, which sale ripened into a tax deed in 1886. By mesne conveyances all the title of Myers and Linscott descended to defendant in error, George L. Reid, who is in possession, claiming title thereunder.

An action in ejectment was commenced June 10, 1887, by plaintiff in error. The first trial was had upon the issues joined November 21, 1888. Judgment was entered for defendants, which was set aside and a new trial granted under the statute. On March 22, 1889, at a subsequent term of the court, the action was by plaintiff dismissed.

This action was commenced March 5, 1900. At a trial had, the tax deed under which plaintiff claimed and the conveyance to her based thereon were declared void. This judgment was affirmed here. (*Douglass v. Lowell*, 60 Kan. 239, 56 Pac. 13.) Thereafter, plaintiff, by motion, demanded an ascertainment of the amount paid as taxes, judgment therefor, and a lien upon the land, under the provisions of section 7681 of the General Statutes of 1901. This relief was denied and plaintiff brings error. Said statute provides as follows:

"If the holder of a tax deed or any one claiming under him by virtue of such tax deed be defeated in

an action by or against him for the recovery of the land sold, the successful claimant shall be adjudged to pay to the holder of the tax deed, or the party claiming under him by virtue of such deed, before such claimant shall be let into possession, the full amount of all taxes paid on such lands, with all interest and costs as allowed by law up to the date of said tax deed, including the cost of such deed and the recording of the same, with interest on such amount at the rate of twelve per cent. per annum, and the further amount of taxes after the date of such deed, and interest thereon at the rate of twelve per cent. per annum.''

It is the contention of counsel for plaintiff in error, that as the tax deed under which she claimed was declared void in this action, the trial court committed error in not awarding her a judgment for the amount of taxes and costs paid in acquiring the tax deed and the taxes paid subsequently thereto, and in refusing her a lien upon the land for the same.

The principal ground of contention made by counsel for defendants in error is that plaintiff having brought a prior action in ejectment, and after judgment against her had been set aside under the statute and a new trial awarded, had dismissed her action, the dismissal of that action precluded plaintiff from maintaining this present action based on the same claim of title made in the prior action; and that, as plaintiff was precluded by such dismissal from maintaining an action for the recovery of the property by the disposition made of the prior case, of necessity the incidental right to recover taxes paid merged in the tax deed, and that taxes thereafter paid on the land were also precluded. In *Deming v. Douglass*, 60 Kan. 738, 57 Pac. 954, this court held:

''After a first trial in ejectment, the judgment was vacated on demand of defendant by notice on the jour-

nal, and the cause continued until the next term of court. The plaintiff dismissed the suit without prejudice. Within a year she commenced a new action against the same defendant for recovery of the same land. *Held,* that the last action cannot be maintained."

As this point was not considered by the trial court nor called to the attention of this court in the determination of the validity of the tax deed under which plaintiff claimed title, but was for the first time called to the attention of the trial court and now first insisted upon in this court in this proceeding under the statute for judgment for taxes paid and a lien upon the land sold to secure payment, it might well be ruled that such claim comes too late. Plaintiff was defeated in the action for the recovery of the property, and the tax deed under which she claimed was adjudged void upon the merits of the action and not upon the ground that she had no standing in court to maintain the action. However, as the disposition of this question is not decisive of the case, we deem it unnecessary to pass upon the same. Upon other grounds, in our judgment, the action of the trial court must be upheld.

It will be remembered that defendant George L. Reid is in possession, claiming title derived from two tax deeds, one of 1878 and one of 1886. The record shows that plaintiff, a minor, in June, 1882, tendered the necessary money and offered to redeem from the sale of 1874 which ripened into the tax deed of 1878, which offer was refused. But no offer to redeem from the sale of 1883 is shown. There has been no adjudication or determination of the validity of this tax deed or of the title under which defendants hold possession.

In the case of *Board of Regents v. Linscott,* 30 Kan. 240, 1 Pac. 81, it was held that "a tax deed vests an

absolute estate in fee simple in the holder of the tax deed.'' It is also held that ''where different tax deeds for the same land are executed to different persons for the taxes of different years, the tax deed last executed for the taxes of the latest year will be paramount to the tax deed previously executed for the taxes of some previous year.'' In the opinion it was said :

''But suppose the land was taxable in 1859, and that this deed to H. M. Robinson, executed April 4, 1864, was valid : still it could not be valid as against the plaintiff's tax deed, which was executed June 14, 1880, for the taxes of 1867—six years afterward. For where different tax deeds for the same land are executed to different persons for the taxes of different years, the tax deed last executed for the taxes of the latest year will be paramount to the tax deed previously executed for the taxes of some previous year.''

In the case of *Case v. Frazier*, 30 Kan. 343, 2 Pac. 519, it was said :

''The tax deed last executed for the taxes of the latest year is paramount to the tax deeds previously executed for the taxes of a previous year, and the tax deed of plaintiffs below wiped out the tax deeds of defendant below.''

In the case of *Harris v. Curran*, 32 Kan. 580, 4 Pac. 1044, it was held :

''The defendants, however, claim that there are still other questions to be decided. They claim that their tax deed is good and entirely sufficient, without reference to any statute of limitations and without reference to the possession of the property by the defendants or their grantors. This is an important question ; for, if the defendants' tax deed was perfectly good when executed, there is no necessity for any consideration of any of the other questions which either party may suppose to be possibly involved in this controversy. 'The tax deed last executed for the

taxes of the latest year will be paramount to the tax deed previously executed for the taxes of some previous year.' ''

In the case of *McFadden v. Golf*, 32 Kan. 415, 4 Pac. 841, it was said:

"This disposes of the case; for a valid tax deed extinguishes and destroys all other titles and liens existing or based upon anything existing at the time of the levying of the taxes upon which the tax deed is founded." (Black on Tax Tit. § 420.)

The tax deed upon which defendants rest their title and under which possession is held is, by force of the statute (Gen. Stat. 1901, § 7677), *prima facie* valid, and as in this case the record contains no showing to the contrary, it must be presumed to have conveyed to the holder thereof, and the defendants claiming thereunder, an absolute estate in fee simple. It must also be held that this tax deed divested plaintiff of all rights of every kind and nature in the property, and cut off and forever destroyed her right to claim any lien upon the property for taxes paid prior to the assessment of the taxes for the year 1883, notwithstanding the statutory provision above quoted upon which the proceeding is based. It does not apply in this case.

It follows that the action of the trial court in denying plaintiff a recovery for taxes paid must be affirmed. It is so ordered.

DOSTER, C. J., JOHNSTON, ELLIS, JJ., concurring.