DENNIS D. DOTY, *Appellee,* v. HORACE J. EVANS, *Appellant.*

No. 16,236.

SYLLABUS BY THE COURT.

COMPROMISE TAX DEED — *Consideration for the Assignment — Presumptions.* A tax deed issued on a compromise of delinquent taxes contained, among other recitals, statements showing that the land was bid in by the treasurer at the tax sale of 1893 for the taxes of 1892, amounting to $7.73; that the certificate was assigned in January, 1898, upon the authorization of the board of county commissioners, for $30; and that the taxes of 1897, amounting to $5.43, were paid by the purchaser. The conveyance was made in due time, reciting a consideration of $35.43, but without specifying further the years for which taxes were included. The deed had been of record for more than five years. It is *held,* that the deed does

not show that the assignment of the certificate was made for more than the legal taxes and interest thereon, for it may be presumed that the intervening taxes of 1893, 1894, 1895, and 1896, remained due and unpaid at the date of the compromise, and were included in the amount stipulated for the assignment of the certificate.

Appeal from Finney district court; WILLIAM H. THOMPSON, judge. Opinion filed January 8, 1910. Reversed.

*Thomas A. Scates,* and *Albert Watkins,* for the appellant.

*R. W. Hoskinson,* and *Albert Hoskinson,* for the appellee.

The opinion of the court was delivered by

BENSON, J.: The action is to recover land which is owned by the plaintiff, Doty, unless he has been devested of title by a tax deed which had been of record for more than five years before the action was commenced and under which the defendant, Evans, held possession. The court held the tax deed void, and rendered judgment for the plaintiff for possession, giving the defendant a lien for taxes. The defendant appeals. The only question is whether the tax deed is void upon its face.

The deed was issued under the provisions of section 7672 of the General Statutes of 1901, providing for the issuance and assignment of a tax-sale certificate for less than the legal tax and interest thereon, when the sale has been made to the county and the land has remained unredeemed for three years and no person has offered to purchase it for the legal taxes, penalties and costs due thereon. The deed shows that the land was bid off by the treasurer at the tax sale of 1893 for the delinquent taxes of 1892, amounting to $7.73; that it had remained unredeemed for more than three years; that no person had offered to purchase the same for the

Doty v. Evans.

taxes, penalties, interest and costs due thereon; that the board of county commissioners did, on January 7, 1898, by resolution, authorize the treasurer to execute and the clerk to assign a tax-sale certificate thereon to L. P. Coonrod for the sum of $30 then paid; that such certificate was so issued and assigned; that six months had elapsed and redemption had not been made; and that the taxes of 1897, amounting to $5.43, had been paid by the purchaser. The deed is dated August 24, 1898, and the granting clause recites a consideration of $35.43, but does not specify the years for which taxes are included. It is admitted that the defendant is the owner of the interest conveyed by this deed.

Several objections were made against the deed, but the only one argued is that the assignment was for too large a sum; that, as the land was bid off in September, 1893, for $7.73, and the assignment was made a little more than four years afterward, no intervening taxes being mentioned, the sum named ($30) was much greater than the delinquent taxes, interest and charges then amounted to.

The deed having been of record more than five years, its recitals will be construed in connection with the presumptions of regularity, so as to uphold it if possible to do so without doing violence to the language used. (*Robert v. Gibson*, 79 Kan. 344.) Where a sale is made to the county, an assignment of the certificate need not give a separate statement of the taxes for each year which make up the consideration (*Pierce v. Adams*, 77 Kan. 46), and in the absence of recitals to the contrary it will be presumed that the amount stated is correct (*Hahn v. Hill*, 79 Kan. 693). That the land was bid in for the county in 1893 for $7.73, for the tax of 1892, and that the certificate was assigned in 1898 for $30, does not show that it was assigned for more than the "legal tax and interest thereon" (Gen. Stat. 1901, § 7672), for it is reasonable to presume that the intervening taxes of 1893, 1894, 1895 and 1896 then re-

30—81 KAN.

mained due and unpaid, and in that case it was proper to include them in the amount stipulated, for the commissioners are authorized to compromise and settle for all taxes due at the time. (*Colline v. Jolley,* 79 Kan. 695; *Tucker v. Shorb,* 80 Kan. 511.) The deed does not show that such intervening taxes were excepted, and therefore, by inference at least, does purport to show that they were included. (*Steele v. Dye,* ante, p. 286; *Gibson v. Reynolds,* ante, p. 255.) The plaintiff insists that it should not be presumed that the owner failed to pay his taxes for the intervening years not referred to in the tax deed. But the deed shows that he did not pay the taxes of 1892, nor the subsequent taxes of 1897, which were paid by the purchaser, and, the assignment being for a sum considerably greater than the tax of 1892, with interest and charges, the presumption in favor of the regularity of the proceedings must prevail rather than any presumption of payment based upon the mere absence of an express recital. "Presumptions are not to be indulged to defeat such a deed; on the contrary, its recitals will be liberally construed to uphold it." (*Kessler v. Polkosky,* ante, pp. 69, 73.)

The granting clause in the deed under consideration was in the form approved in *Steele v. Dye,* supra, in a compromise tax deed. The tax deed was not void upon its face, and should have been received in evidence to show title.

The judgment is reversed and the cause remanded for further proceedings in accordance with these views.