W. T. BUCKNER, *Appellee*, v. RATIE S. WINGARD, *Appellant*.

No. 16,962.

SYLLABUS BY THE COURT.

1. TAX DEEDS—*Admission—Presumption.* An admission that a tax deed was issued implies, in the absence of any showing to the contrary, that the deed was regularly issued and valid in all respects.

2. ———— *Admission No Basis for Presumption.* An admission by a party claiming under a tax deed that his adversary is the owner of the original government title does not imply that the original title has not been extinguished by the tax deed.

3. LIMITATION OF ACTIONS — *Possession of Tax-title Holder.* Where the holder of a valid tax deed, before the two-year statute of limitations has barred his right to recover possession under it, obtains the actual and peaceable possession of the land conveyed, the requirement of such statute is satisfied, and if he thereafter loses possession his right to recover it endures until it is barred by the general statute of limitations.

Buckner v. Wingard.

4. TITLE AND OWNERSHIP—*Possession through Tenant—Right of Intervening Tax-title Holder.* Where the original owner of the land leases it from year to year to a tenant who uses it for raising crops, the holder of a tax title good upon its face can not by taking possession between the harvesting of one crop and the putting in of another acquire the right to invoke the five-year statute of limitations and thereby prevent the showing of latent defects in his deed.

5. ——— *Adverse Claimants—No Rights either Gained or Lost by Mere Physical Possession.* Where there has been an actual occupation after the issuance of a tax deed, by the original owner or by the holder of the tax title, the opposing claimant by gaining possession before the statute of limitations has barred his right can stay its operation against himself; but he can not by merely getting a physical possession and compelling the former occupant to take the offensive either gain a right to the protection of the statute of limitations himself or deprive his adversary of such a right.

Appeal from Sedgwick district court. Opinion filed May 6, 1911. Reversed.

*F. B. Stanley,* and *C. C. Stanley,* for the appellant.
*J. A. Brubacher,* and *J. A. Conly,* for the appellee.

The opinion of the court was delivered by

MASON, J.: The holder of the original title recovered in ejectment against one claiming under a tax deed, who appeals.

The tax deed was not introduced in evidence, but its execution was admitted. Nothing having been shown to the contrary, it must be presumed that it was regularly issued and valid in all respects. Of course a party relying upon a tax deed could not be permitted to testify that one had been issued to him, and thereby secure the benefit of the presumption of regularity, without subjecting the instrument to objection for defects appearing upon its face; but where the opponent voluntarily admits that a tax deed was executed the presumption that public officers do their duty requires the court in the absence of any further showing to re-

gard it as valid. The defendant admitted that "the plaintiff by a chain of title from the government is the owner of the original title." The suggestion is made that this implies that the tax deed is invalid, since otherwise it would have extinguished the original title. Such an interpretation would extend the admission beyond its obvious meaning.

The tax deed was issued and recorded March 31, 1899. The grantee at once occupied the property and held it for four years. Such at least was the defendant's evidence, and as its truth does not seem to have been challenged we shall assume that the court believed it. In the spring of 1903 the original owner (the plaintiff) obtained possession, which continued for more than two years. Then the tax-title claimant (the defendant) acquired possession, which she maintained until the beginning of the action, November 24, 1908.

The plaintiff contends that when he took possession of the property in 1903 the statute of limitations (Civ. Code, § 15, subdiv. 3) began to run in his favor; that in two years its bar became complete; and that thereupon the tax title was practically extinguished, and its holder could neither maintain ejectment, nor by taking physical possession acquire a standing to resist such an action when brought by the original owner. This would doubtless be the rule if between the issuance of the tax deed and the taking of possession by the original owner the land had remained vacant and unoccupied. The statute would in that case have begun to run when the original owner took possession, and when such possession had continued for two years all right of action on the part of the tax-deed holder would have been lost. (*Coale v. Campbell,* 58 Kan. 480.) And when the statute has once run against a tax deed the holder can not evade its effect merely by finding the premises temporarily unoccupied and taking physical possession. But when in the present case the grantee

of the tax deed, immediately upon its being recorded, obtained actual, peaceable and undisputed possession of the tract conveyed, the two-year statute of limitation could no longer apply. A valid tax deed vests a perfect title in the grantee and extinguishes the original title, subject to the condition, imposed by the statute of limitation, that the right of possession must be asserted before there has been an adverse occupancy for two years. But the obtaining of actual possession under the tax deed satisfies this condition as effectually as though a successful action of ejectment had been instituted. Thereafter the tax-title holder claims not merely under the tax deed, but under the tax deed supplemented by a legal taking of possession. His title has become absolute, and if he loses possession his right to its recovery endures until it is barred by the general statute of limitations.

It follows from this view that if the tax deed is in fact valid in all respects the defendant is entitled to judgment, however her present possession was acquired, since her earlier possession made her the absolute owner of the property. If the deed is invalid upon its face she of course can not recover, for she then has no title. But as it may develop that the deed is apparently good, but is voidable for some latent defect, we are required to decide the effect of that condition, under whatever changes of possession may be shown at a new trial. Speaking of that kind of a tax deed, if the land affected remains vacant for five years after it has been recorded, and the patent-title holder then takes possession, the tax-title holder can not maintain ejectment, for in that situation he can not invoke the benefit of the five-year statute of limitations (Laws 1876, ch. 34, § 141, Gen. Stat. 1909, § 9483) to prevent an inquiry into the proceedings back of his deed. (*Stump v. Burnett*, 67 Kan. 589.) The fact that the tax-title holder at one time had actual possession does not change the rule, if he lost it before the five years had

expired. Inasmuch as the original owner can within five years successfully prosecute ejectment, it follows that if within that period he obtains actual possession, he has only procured what the law would give him, and he can maintain it whenever attacked by showing the invalidity of the tax deed. But if the tax-deed holder, before the two-year statute has run against him, and before the five-year statute has run in his favor, obtains actual possession, and does not voluntarily surrender it, he can not after the five years has run be dispossessed, either by action or by taking of physical possession during his temporary absence. And if without his consent or acquiescence the original owner does take possession after the five years has run, the tax-title holder may maintain ejectment and the statute will protect his deed from attack for any defects not showing upon its face. So if the land remains absolutely vacant for five years after the tax deed is recorded, and the holder of the tax title then gains possession, he need not maintain a constant guard against intrusion. So long as he does not abandon control—so long as he stands upon the rights he has acquired—he may invoke the aid of the courts to restore to him a possession which he has already enjoyed under a title conferred by the tax deed and confirmed by the five-year statute of limitation and actual occupancy. In such a situation he is not asking to be given some new or additional right or title because of the statute of limitations; he is only asking protection in what he has already lawfully obtained.

On the other hand, the holder of a voidable tax deed which has been recorded for more than five years can not thereafter gain the right to the protection of the five-year statute of limitation in its support by taking physical possession on finding the property temporarily vacant, where the original owner is undertaking to maintain his occupancy of the property. The original

owner by obtaining possession has in effect challenged the validity of the deed within the five years.

Stated in general terms, the proposition is this: Where there has been an actual occupation, after the issuance of a tax deed, by the original owner or the holder of the tax title, the opposing claimant, by gaining possession before the statute of limitations has barred his right, can stay its operation against himself; but he can not by merely getting a physical possession and compelling the former occupant to take the offensive either gain a right to the protection of the statute of limitations himself or deprive his adversary of such a right. This would of course be true where his possession was procured by force, by fraud, or by stealth. (*Nicholson v. Hale,* 73 Kan. 599.) It is equally true where he is enabled to take possession because the use to which the adverse claimant puts the property leaves it for a part of the time without an actual occupant.

In the present case no one appears to have resided on the property at any time, and there seems to have been no building thereon. The plaintiff, beginning with 1903, had leased it from year to year for several years to a tenant who raised a crop each season, and it was the expectation that the same tenant would occupy it for the next year. But between the harvesting of one crop and the putting in of another the defendant, finding no one at the time upon the premises, took possession. There was no voluntary surrender or abandonment of possession by the plaintiff. His occupancy had been practically continuous, and as complete as the nature of the tract admitted. (*Buehler v. Teetor,* ante, p. 281.) The defendant by taking possession under such circumstances acquired no right to claim the protection of a statute of limitation which she could not have invoked if she herself had brought ejectment. Therefore the plaintiff upon a new trial should have opportunity to challenge the tax deed for defects

not shown upon its face, if the facts relating to possession prove to be as they now appear.

The judgment is reversed and the cause remanded for further proceedings in accordance herewith. Nothing herein said, however, is intended to conclude the district court as to the facts.