THE BANK OF TOPEKA, *Appellee,* v. M. C. SADLER,
*Appellant.*

No. 18,057.

SYLLABUS BY THE COURT.

1. EJECTMENT—*First Trial Set Aside—Case Dismissed—Further
Action Barred.* Following *Deming v. Douglass,* 60 Kan. 738,
57 Pac. 954, it is held that a plaintiff in ejectment, who has
voluntarily dismissed his action, after a judgment upon a
first trial had been set aside under the statute (now repealed)
allowing a second trial as a matter of right, is regarded as
having thereby permanently abandoned his claim, and can
maintain no further action thereon. •

2. ——— *Right of Action Lost—Not Restored by Taking Pos-
session of Land.* One who has in that manner lost the right
to maintain such an action can not, by taking possession of
the land while temporarily without an actual occupant, acquire
the right to assert his claim of title by way of defense.

3. ORDER—*Granting Second Trial in Ejectment—Recitals of Rec-
ord.* A recital in the record of an ejectment action, that a
judgment upon a first trial was vacated for good cause shown,
upon application of the unsuccessful party, notice thereof be-
ing entered on the journal, is to be interpreted, in the absence
of anything further to indicate the contrary, as showing that
the judgment was vacated upon a demand made as a matter
of right.

Appeal from Chautauqua district court.    Opinion
filed April 12, 1913.    Affirmed.

21—89 KAN.

*H. E. Sadler,* of Sedan, for the appellant; *Frank Doster,* of Topeka, of counsel.

*David W. Mulvane, C. E. Gault, D. R. Hite,* all of Topeka, *Charles D. Shukers,* of Independence, and *Carl Ackarman,* of Sedan, for the appellee.

The opinion of the court was delivered by

MASON, J.: In June, 1903, M. C. Sadler, the grantee in several tax deeds dated September 21, 1901, brought ejectment based thereon against Alfred P. Reid, the holder of the patent title, other defendants being joined. A first trial resulted in a judgment for the defendants. Upon application of the plaintiff the judgment was vacated and the cause was continued until the next term of court, when it was dismissed upon the voluntary application of the plaintiff. In January, 1904, the Bank of Topeka acquired Reid's title and rented the land. The tenant, without the knowledge or consent of the bank, abandoned it. On September 4, 1904, M. C. Sadler, finding it thus without an actual occupant, took physical possession. On February 11, 1911, the bank brought ejectment against her (M. C. Sadler). The court found the facts substantially as above stated and rendered judgment for the bank, from which this appeal is taken.

In *Deming v. Douglass,* 60 Kan. 738, 57 Pac. 954, it was held that a plaintiff in ejectment who had voluntarily dismissed his action, after the judgment upon a first trial had been set aside under the statute allowing a second trial as a matter of right, was to be regarded as having thereby permanently abandoned his claim. This precedent, if followed, compels an affirmance of the decision of the trial court in the present case. We are asked to reëxamine the soundness of the doctrine there announced, but do not regard that course as necessary or called for. The matter relates to policy rather than principle. There is no inherent hardship or ·injustice in compelling a plaintiff, after the results of a

first trial have been set aside as a matter of right to allow the cause to proceed to a final trial, under penalty of losing his right of action.   The question is one of procedure and statutory construction.   A definite rule on the subject was adopted by this court in 1899, the reasons therefor being set out in the opinion in the case cited.   Before the situation arose to which the rule was applied in this case two sessions of the legislature had been held, without an amendment to the statute as it had been construed, and the decision had been followed by this court after its membership had been enlarged. (*Douglass v. McGinnis,* post, p. 325, 64 Pac. 1113.) Whether or not the rule was the best that might have been adopted, it is not so manifestly unsound in principle or pernicious in result as to justify the trial court in refusing to follow it, or this court in now changing it.

Within the authority of the decisions cited, the plaintiff in the first ejectment action, having voluntarily dismissed it after one judgment had been set aside on her own application, made as a matter of right, could not maintain a new action, reasserting the same claim. Nor could she better her situation, and acquire a right to assert her claim by way of defense, by taking possession of the land when it was left without an actual occupant through the departure of the tenant without the knowledge of the landlord.   (*Nicholson v. Hale,* 73 Kan. 599, 85 Pac. 592; *Buehler v. Teetor,* 84 Kan. 281, 114 Pac. 387; *Buckner v. Wingard,* 84 Kan. 682, 115 Pac. 636.)

The appellant contends that the record does not affirmatively show the vacation of the first judgment to have been procured by invoking the statutory right to a second trial in ejectment—that so far as shown in this proceeding a new trial may have been granted because of errors committed in the former one.   The journal entry in the first action, after reciting the rendition of   judgment for the defendants, proceeds: "and  thereupon upon application of said plaintiff, notice

of such application being entered on the journal of the Court, and for good cause shown, the said judgment against the Plaintiff was set aside and vacated by the Court and a new trial granted, and said cause was duly continued to the next ensuing term of this court." The statute relating to a second trial in ejectment (repealed by Laws 1905, ch. 333) read: "In an action for the recovery of real property, the party against whom judgment is rendered may at any time during the term at which the judgment is rendered demand another trial, by notice on the journal, and thereupon the judgment shall be vacated and the action shall stand for trial at the next term." (Former Civ. Code, § 599, Gen. Stat. 1901, § 5086.) The recital of the journal entry is that the judgment was vacated on the application of the plaintiff, notice thereof having been entered on the journal. This points plainly to an invocation of the statute quoted, for the entering on the journal of a notice of an application to vacate a judgment is not adapted to any other proceeding. This consideration is not offset by the presence of the phase, "for good cause shown," which is formal and indefinite, and applicable to any situation. If a motion for a new trial on account of errors had actually been made, the fact would undoubtedly have been shown to the satisfaction of the court in the trial of the second action.

The judgment is affirmed.