No. 18,879.

C. W. BEELER, *Appellant,* v. ABRAHAM L. ELWELL et al.,
*Appellees.*

### SYLLABUS BY THE COURT.

1. ESTOPPEL—*Of a Tenant to Dispute His Landlord's Title.* The estoppel of a tenant to dispute his landlord's title ordinarily extends to those matters only which affect relations growing out of the tenancy, and an action to quiet title may be prosecuted by the landlord and defended by the tenant having for its purpose the adjudication of claims respecting the ultimate title.

2. SHERIFF'S DEED—*Not Open to Collateral Attack for Irregularities.* In an action to quiet title resting upon a sheriff's deed the plaintiff does not expose the deed to collateral attack for irregularities in the proceedings on which it is based as if it were a tax deed, and it is not permissible for the defendant to show that the judgment in the action resulting in the sheriff's deed rests upon a summons served two days after the return day and was taken prematurely.

3. TAX DEED—*Valid on Its Face—On Record for Seventeen Years—Actual Possession—Title May be Quieted.* By virtue of a tax deed, valid on its face and duly recorded, and sections 266 and 272 (Gen. Stat. 1909, §§ 9479, 9485) of the taxation act, the plaintiff and his predecessors in interest have been for seventeen years in a situation equivalent to that of claimants of title in fee simple in actual possession. The plaintiff has also been in actual possession for a number of years. *Held,* his title may be quieted against the owner whose title was cut off by the tax deed and failure to take steps to recover the land, although there were irregularities in the proceedings on which the tax deed is founded.

Appeal from Hodgeman district court; ALBERT S. FOULKS, judge. Opinion filed June 6, 1914. Reversed.

*F. Dumont Smith,* of Hutchinson, for the appellant. *Roscoe H. Wilson,* and *Walton S. Kenyon,* both of Jetmore, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was commenced by Beeler to quiet his title to a tract of land against the claims of Elwell and Sinclair. The defendants recovered and the plaintiff appeals.

On September 25, 1894, a tax deed of the land from Hodgeman county to the Howard Investment Company was duly recorded. By mesne conveyances the tax title passed to Sinclair. On August 27, 1903, a sheriff's deed of the land was issued to the plaintiff, based on a sale made under an execution issued upon a judgment rendered against Sinclair. Sinclair then took a lease from the plaintiff and has since continued to occupy the land.

Elwell purchased the so-called patent title; that is, he is a grantee of the owner whose default occasioned the sale for taxes on which the tax deed is founded.

The plaintiff's petition was filed on January 25, 1911, and was substantially in the statutory form. Sinclair answered that the sheriff's deed was void because the summons was served two days after the return day, and because the judgment was taken prematurely. No affirmative relief was asked. Elwell answered that the proceedings resulting in the tax deed, which was valid on its face, were defective in that certain taxes for the support of the state university were wrongfully included in the taxes for which the land was sold. No affirmative relief was asked. The court set aside the tax deed, adjudged Elwell to be the owner of the land, gave the plaintiff a lien for taxes paid, and rendered judgment against him for costs.

The plaintiff was clearly entitled to judgment against Sinclair. The defects in the proceedings on which the sheriff's deed was based rendered it voidable, but not void. There are numerous decisions of this court establishing the principles involved, and the defendant, Sinclair, does not impugn them. His position is, that by

bringing an action to quiet title the plaintiff opened his sheriff's deed to attack for irregularities in the proceedings on which it is based, the same as if it were a tax deed, and that the plaintiff can not use the five-year statute of limitations forbidding an attack on the sheriff's deed, which was valid on its face, for the purpose of securing affirmative relief. The position is untenable because of the strict application of the doctrine of collateral attack to judicial proceedings. The plaintiff requires no assistance from the statute of limitations. It is of no consequence whether the sheriff's deed be more than five years old or less than five years old. The only way in which the irregularities complained of could be attacked was by the direct method of motion in the original cause, or appeal. They are not open to review in this collateral proceeding.

The evidence relating to the plaintiff's possession was meager, but the defendants had nothing to offer on the subject, and the fact may be taken as established.

It is said that an action to quiet title does not lie in the plaintiff's favor against Sinclair, because Sinclair, as a tenant, is estopped to dispute the plaintiff's title. A landlord can not in equity prosecute a suit for the purpose of concluding his tenant with reference to matters concerning which public policy will not allow the tenant to speak. Having obtained possession from the plaintiff, Sinclair can not say that he holds in opposition to the plaintiff, and he can not refuse to return possession to the plaintiff on the ground that the title under which that possession was secured is defective. The estoppel, however, extends to those matters only which affect the relations growing out of the lease, and there is no valid reason why an action to quiet title, or other proper action, may not be prosecuted and defended for the purpose of settling disputes concerning title which leave the relations of landlord and tenant presently unaffected. While there are sporadic cases

to the contrary, such is the general rule. The following quotations show attempts to formulate such a rule:

"So long as the title of the landlord is the same as it was at the time the tenancy was created, and the tenant is not disturbed in his possession, it is immaterial whether the title of the landlord was a valid one, in so far as the estoppel of the tenant to attack it is concerned.

"The estoppel may be enforced both by courts of equity and by courts of law. It can be asserted ordinarily only in actions involving the use or possession of the land, and not in actions in which the title itself is put in issue, such as actions of trespass to try title and for partition." (24 Cyc. 942.)

"The cases in which questions in regard to the estoppel of the tenant to deny his landlord's title have arisen have been chiefly actions by the landlord to recover possession after termination of the lease, as actions of ejectment, or summary proceedings, or actions for unlawful or forcible detainer.

"The rule that the tenant is estopped to deny his landlord's title is limited to suits for the possession only, and does not apply in an action of trespass to try title, or for partition, in which the title is put in issue.

"Nor does the rule apply where the landlord seeks to recover possession through a writ of entry." (18 A. & E. Encycl. of L. 421.)

"As applied to the relation of landlord and tenant, ejectment is strictly a possessory action, and the tenant or those claiming under him are, so long as the lease continues or as he or they hold over, estopped to deny the landlord's possessory right, and hence proof of title on the part of the landlord is not requisite for the maintenance of an action for the recovery of the possession. But it has been held that if the landlord goes further, and claims the premises in fee, the tenant is not estopped from denying any right claimed from the landlord further or greater than that of possession." (10 A. & E. Encycl. of L. 511.)

The judgment in favor of Elwell setting aside the tax deed was clearly wrong. If Elwell had claimed affirmative relief of this character the plaintiff could have replied that it was barred by the statute of limi-

tations, and the court was not authorized to grant relief not prayed for which could have been successfully resisted if prayed for.

Section 266 of the taxation act (Gen. Stat. 1909, § 9479), provides that a tax deed, not a tax deed plus possession, vests in the grantee an absolute estate in fee simple, and the owner whose title is thus cut off has but five years from the date the tax deed is recorded, if it be valid on its face, in which to begin suit to set it aside (§ 270, Gen. Stat. 1909. § 9483). Section 272 of the same act reads as follows:

"Any person putting on record any tax deed shall be deemed to have set up such a title to the land described in such deed as will enable the party claiming to own the same land to maintain an action for the recovery of the possession thereof against any person claiming under the deed, whether such person is in actual possession of the land or not." (Gen. Stat. 1909, § 9485.)

These statutes place the holder of a recorded tax deed, valid on its face, in the situation of a claimant of title in fee simple in actual possession. This was the situation of the plaintiff and his predecessors in interest for seventeen years next preceding the commencement of the present suit. Besides this, the plaintiff has been in actual possession for a number of years. By virtue of the statutes referred to the legal equivalent of every element of adverse possession exists, and, aside from this, under no circumstances except default of the plaintiff to answer could Elwell succeed in a suit brought by him to recover the land. In the case of simple adverse possession an action to quiet title may be maintained after the lapse of fifteen years. The title and the equity of the plaintiff are much stronger than they would be if based on simple adverse possession, and the sword and shield doctrine becomes very much attenuated when applied to them. The distinction between building up or strengthening a title and protecting such title as the plaintiff already possesses approaches the vanishing point.

In view of the facts, the only just and reasonable thing to do appears to be to settle the title to this land. Therefore, the judgment of the district court is reversed and the cause is remanded with direction to quiet the plaintiff's title against both defendants.