No. 27,691.

S. J. MAIN, *Appellant*, v. DENNIS D. DOTY, ZELLA C. HOSKINSON, as Administratrix, etc.; ZELLA C. HOSKINSON, as Guardian of the Estates of Fred A. Hoskinson and George H. Reeve, *Appellees*.

(271 Pac. 287.)

Opinion filed November 3, 1928.

*Fred J. Evans,* of Garden City, for the appellant.

*R. S. Field,* of Syracuse, *R. W. Hoskinson,* of Garden City, and *Carl Van Riper,* of Dodge City, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action to determine the title and right of possession to a quarter section of land. It was tried to the court, judgment was rendered for defendants, and plaintiff has appealed.

The facts, as disclosed by the pleadings, or found by the court, briefly stated, are as follows: Plaintiff is the holder through mesne conveyances of the title based on a tax deed, regular and valid on its face (but irregularities in the tax proceedings prior to its issue rendered it voidable), issued August 24, 1898, and duly recorded. The grantee in this tax deed and his successors in interest timely took actual and exclusive possession of the real property, and were thereafter and for more than five years continuously in the actual and exclusive use, occupation and possession thereof, but later ceased to use the same, voluntarily removed all fences and other improvements, and left it vacant and unoccupied. They have paid the taxes on the land each year since the tax deed was issued.

In 1906 Dennis D. Doty, the holder of the record title based on the government patent, brought an action in ejectment against the then holder under the tax deed. In that case the trial court held the tax deed void on its face, and rendered judgment for plaintiff, from which the defendant appealed to the supreme court, where it was held (*Doty v. Evans,* 81 Kan. 463, 106 Pac. 278) that the tax deed was not void on its face and should be received in evidence to show title, and the judgment of the court below was reversed for further proceedings in accordance with the views expressed in the opinion. On the filing of the mandate in the trial court plaintiff asked to dismiss his action, which request was granted and judgment rendered against him for costs.

Some time after plaintiff had left the land vacant and unoccupied, defendants, claiming under a quitclaim deed from Dennis D. Doty, without the consent or knowledge of plaintiff, who was a nonresident of the state, took actual possession of the land and were farming a part of it when this action was brought.

Appellant contends that the trial court erred: (1) In holding that his title based on the tax deed was subject to attack in this case for defects not appearing on the face of the deed; (2) in holding that there were irregularities in the tax proceeding which rendered the tax deed voidable; and (3) in holding that the prior case was not *res judicata.* We find it necessary to discuss the first question only, for if that be decided in accordance with plaintiff's views, the second becomes immaterial; and as to the third question, whether we consider the decision of this court in the prior case, or the finding of the trial court in this case, the tax deed is valid on its face—a fact not now questioned.

Turning our attention to the first question argued. It has been repeatedly held that a valid tax deed starts a new, independent chain of title to real property (R. S. 79-2501) and extinguishes and destroys all other titles and liens. (*Board of Regents v. Linscott,* 30 Kan. 240, 1 Pac. 81; *Beltz v. Bird,* 31 Kan. 139, 1 Pac. 246; *McFadden v. Goff,* 32 Kan. 415, 4 Pac. 841; *Douglass v. Lowell,* 64 Kan. 533, 538, 67 Pac. 1106; *Cone v. Usher,* 86 Kan. 880, 884, 122 Pac. 1049; *Beeler v. Elwell,* 92 Kan. 586, 141 Pac. 551.)

The holder of a tax deed has a limited time (two years) within which to bring an action for possession of the property (R. S. 60-303, 3d clause), but if he acquires possession of the property, a suit

against him for the recovery of the land must be brought within five years after the deed is recorded. (R. S. 79-2505.). Generally speaking, these statutes relating to time for bringing action have been held to be "shields of defense," rather than "swords of attack."

But when a holder under a tax deed, valid on its face, has been in the actual possession of the real property described therein for more than five years after the tax deed was recorded, the tax deed and possession under it "constitute a title sufficient to extinguish all rights, titles and interests of prior origin," and may constitute a marketable title. (*Van Gundy v. Shewey*, 90 Kan. 253, 133 Pac. 720.) The holder of such a tax deed under such circumstances is entitled to a decree the effect of which is to quiet his title against prior mortgages, titles and liens. (*Trust Co. v. Jones*, 81 Kan. 753, 106 Pac. 1052.) He may quiet his title against one whose title was cut off by the tax deed. (*Beeler v. Elwell*, supra.) And when the holder of such a tax deed is in possession of the real property he may maintain an action in ejectment against one who wrongfully deposes him by force, fraud or stealth. (*Nicholson v. Hale*, 73 Kan. 599, 85 Pac. 592; *Millikin v. Lockwood*, 80 Kan. 600, 605, 103 Pac. 124; *Buckner v. Wingard*, 84 Kan. 682, 115 Pac. 636; *Bank v. Sadler*, 89 Kan. 321, 323, 131 Pac. 585.)

Appellees recognize the force of the decision above referred to, but argue that the case is not governed by the principles of law stated in *Nicholson v. Hale*, supra, and allied cases, for the reason that the possession of the premises taken by the defendants was not by "force, fraud or stealth." They cite no authority in support of this contention; in fact they say: "We have in this case a dif-. ferent situation than in any reported case we have been able to discover in Kansas, or any other state." It is difficult to see the force of appellees' argument. Defendants went into possession at a time when plaintiff was absent from the premises, and without his knowledge or consent. It is difficult to see what greater rights defendants would have to do so, whether plaintiff's absence from the premises was for a day only, or for several years. The only title appellees, or their grantor, had to this property had been extinguished; in fact, their grantor had abandoned an action for possession of the property after a decision adverse to him in the supreme court. Their title having been extinguished, they had no more right to the possession of this property than a stranger, and their act of going into possession was not under any right which they had, and was

necessarily wrongful. Perhaps it is not necessary to stigmatize their conduct by harsh terms; but if so, their taking possession might be characterized as by stealth, for it was unknown to plaintiff and unauthorized by him, and without any legal right on their part. We think the rules of law stated in *Nicholson v. Hale,* supra, and allied cases, control the question before us. From this it necessarily follows that the judgment of the court below was erroneous. It is reversed with directions to enter judgment for plaintiff.

HOPKINS, J., not sitting.