No. 39,551

GRACE BATES FORCE, *Appellant*, v. JOHN C. BATES and NELL BATES, *Appellees.*

(280 P. 2d 584)

Opinion filed March 5, 1955.

*Alan B. Phares*, of Wichita, argued the cause and *Patrick J. Warnick* and *Henry E. Martz*, both of Wichita, were with him on the briefs for the appellant.

*George Stallwitz* and *Charles S. Lindberg*, both of Wichita, argued the cause and *W. F. Lilleston, George C. Spradling, Henry V. Gott, Ralph M. Hope* and *Richard W. Stavely*, all of Wichita, were with them on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: This is an action to dissolve a partnership and for an

accounting. Judgment was for the defendant sustaining a demurrer to the petition. The plaintiff has appealed.

Since the statute of limitations is involved dates will be noted. The petition was filed on February 3, 1953. It alleged that plaintiff and one of defendants were brother and sister; that beginning in 1928 plaintiff and her brother first acquired one filling station in partnership and subsequently acquired other such stations, and other real estate, all of which was taken and held in the defendant brother's name; that some of these stations were managed from time to time by plaintiff. All of them were operated by the partnership and the profits divided. The petition then alleged that at the time title was obtained to all the properties he had no intention of carrying out the trust agreement as to these titles, but fraudulently acquired title and refused to recognize plaintiff's interests; that there was a confidential relationship between them and a breach of this confidential relationship was not known by her until about July, 1951; that partnership funds were placed in a bank in defendant brother's name and she was paid certain shares of the profits from time to time; that prior to February, 1950, she believed, based upon representation of her defendant brother that she was an equal owner with him in all the properties; that after February, 1950, he refused to account to her for partnership funds he had withdrawn and refused to advise her as to the amount earned by the partnership; and plaintiff believed that since February, 1950, and from the inception of the partnership defendant had wrongfully withdrawn for his own use from the partnership funds in excess of the money paid plaintiff and had fraudulently misrepresented the partnership profits to the plaintiff by stating to her that they had been less than they actually were and the defendant John Bates was wrongfully withholding from the plaintiff what was plaintiff's rightful share of the profits; that in November, 1949, plaintiff and defendant Bates discussed incorporating the Bates Oil Company and agreed if it were accomplished the real estate would be conveyed to the corporation and each would own one-half the stock; that during all this time plaintiff was in control and management of the three filling stations, all on behalf of the partnership; that in February, 1950, plaintiff was involved in an automobile accident and was hospitalized and had not fully recovered; that immediately after this defendant Bates assumed exclusive control, operation and management of all three filling stations and all real property

and refused to recognize plaintiff's interest in the property and wrongfully withheld plaintiff's share of the profits; that defendant had since February, 1950, threatened to sell some of the real property involved and if not restrained would sell it; that he should be restrained from doing so; that defendant Nell Bates was claiming some interest in the real estate and plaintiff's rights were superior to hers.

Plaintiff prayed that the partnership be dissolved and the court ascertain the rights of the parties for an accounting of the profits; that defendants be ordered to pay to plaintiff her share of the profits and for a temporary injunction restraining defendants from disposing of any of the real estate.

To this petition defendants filed a motion to require plaintiff to make it definite and certain. This motion was sustained and plaintiff, in compliance therewith, filed a supplemental petition.

On March 10, 1953, the district court, Division No. 3, pursuant to a motion of defendants, transferred the cause from that division to Division No. 2. The order of transfer recited that the transfer was made because it could not be tried in Division No. 3 on account of the fact that a former action between the same parties was filed and assigned to Division No. 2 and was dismissed without prejudice and refiled. Reference was made to a rule of the District Court of Sedgwick County requiring a transfer under such circumstances.

On January 6, 1954, defendants filed a demurrer to plaintiff's petition on the ground it did not state facts sufficient to constitute a cause of action since the petition showed on its face that the cause of action was barred by the statute of limitations. Such is a good ground for a demurrer. (See *Pratt v. Barnard*, 159 Kan. 255, 154 P. 2d 133.) This demurrer was sustained. Hence this appeal.

The last mentioned date in the petition is February, 1950. The action was for relief on account of fraud, hence unless the statute be tolled in some manner the action was barred in February, 1952. (See G. S. 1949, 60-306, subpara 3.) (See, also, *Staab v. Staab*, 158 Kan. 69, 145 P. 2d 447.) This petition as appears from its face was filed on February 3, 1953. So far it would be clear that the action was barred. There is argument, however, that the petition we have before us was filed pursuant to G. S. 1949, 60-311. That section provides in part as follows:

"If any action be commenced within due time, . . . or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for

the same shall have expired, the plaintiff, . . . may commence a new action within one year after the . . . failure."

This record is not as clear as it might be but we learn one way or another that an action such as this between the same parties did fail otherwise than upon the merits and was dismissed without prejudice on either January 6, February 3 or February 10, 1953. There is a dispute about which of these dates is applicable. We do not have to decide that question, however.

Defendants argue this petition was filed to take advantage of the above statute. The new petition must allege facts to bring the case within its provisions. The statute does not confer any new right to commence a subsequent action. It merely prescribes such right, if any, plaintiff might otherwise have had to commence another action for the same cause. (See *Deming v. Douglass,* 60 Kan. 738, 57 Pac. 954.) In *Barber v. City of Rome,* 39 Ga. App. 225, 146 S. E. 856, the court considered the very question we have here. There West's headnote states:

"Petition to renew former suit, showing former suit was brought in another county from that in which renewal suit was brought, and failing to contain allegations that it is brought on substantially same cause of action as former suit, either by containing copy of petition in former suit or alleging its substance, is subject to demurrer, where renewal suit was brought beyond period of statute of limitations, . . ."

See, also, *Smith v. City of Atlanta,* 48 Ga. App. 853, 174 S. E. 171. This is the situation we have here. It would not do to hold otherwise. To do so would be to ignore our rule that a demurrer to a pleading is considered entirely upon the allegations contained therein and proper exhibits attached thereto. (See *Southard v. Mutual Benefit Health & Accident Ass'n.,* 177 Kan. 26, 276 P. 2d 299; also *Whitaker v. Douglas,* 177 Kan. 154, 277 P. 2d 641, where we held:

"A motion for judgment on the pleadings, like a demurrer, is considered entirely upon the allegations contained in the pleadings and the proper exhibits attached thereto, and cannot serve to bring additional facts into the pleadings which might constitute a defense thereto."

We said:

"And the court in so ruling on such a motion or demurrer is not justified in reaching out and making additional facts a part of the pleadings to which the motion or demurrer is lodged."

The question is analogous to that considered in *Pratt v. Barnard,*

supra. There the argument was made the statute of limitations was tolled by duress. We held:

"From the standpoint of pleadings and their sufficiency duress is the equivalent of fraud and if relied upon to interrupt the running of the statute of limitations on a cause of action, which otherwise appears to be barred by its provisions, the facts which establish the tolling of the statute must be pleaded."

See cases cited in that opinion.

In the petition we are considering there were no allegations whatever as to any other action having failed otherwise than on the merits. No attempt to plead the action within the provisions of G. S. 1949, 69-311.

Plaintiff seems to realize the force of what has been said. She seeks, however, to avoid the effect of it by arguing that defendants were estopped from raising the point that the petition failed to state a cause of action by reason of the fact that the statute of limitations had run because she had not pleaded the action was being refiled within a year after it had failed other than on the merits.

She bases this argument on the order of transfer, to which reference has been made heretofore. We have examined the authorities relied upon by plaintiff and do not find them to be in point. In order for conduct of a party to create an estoppel there must be conduct amounting to a misrepresentation or a concealment of material facts as well as other elements. We are unable to see where the conduct of defendants with reference to the motion to transfer this petition would either conceal anything from the plaintiff or was a misrepresentation. All the elements of estoppel are lacking. This argument of the plaintiff is not good.

There is in the record brought us by the plaintiff, appellant, what her counsel terms a second amended petition. This second amended petition does contain a reference to the former action.

Motions and demurrers were leveled at it by defendants. They were not ruled on, however, by the trial court and are on file in that court now. Actually they constitute no proper part of this record. The lower court has not ruled on them. Having such a petition included in the abstract that was brought here for review was somewhat confusing. The confused state of this record is an argument in favor of the rule we have just announced, that is, that a demurrer to the petition will be considered upon

the allegations in that petition and exhibits attached thereto and upon no other part of the record. The trial court properly sustained this demurrer.

The judgment of the trial court is affirmed.